Opinion
 

 WHITE, P. J.
 

 Respondent, plaintiff below, filed a complaint in Monterey County Superior Court on October 13, 1977, serving appellant-defendant through its agent for service of process, C. T. Systems Corporation, on October 20, 1977. On November 4, appellant’s liability insurance carrier discussed the case with respondent’s attorney and requested an extension of time in which to plead. A 26-day extension, until December 15, was granted in which to answer. On November 18, appellant’s liability insurance carrier sent the summons and complaint to appellant’s workers’ compensation carrier and apparently disassociated itself from the case. When no answer was filed by December 15, respondent’s attorney filed a request for default on December 16, which was entered that same day.
 

 The complaint filed by respondent alleges in relevant part that the activities of appellant were responsible for “great physical damage, pain and mental anguish” being inflicted upon respondent. It further alleges that respondent “incurred medical expenses and hospital bills in an amount which has not as yet been specifically ascertained. . . .” The prayer “prays for judgment. . [¶] 1. For general and special damages; [¶] 2. For costs of suit; and [¶] 3. For such other relief as the Court may deem just.” A review of the clerk’s transcript reveals that respondent failed to comply with the mandate of section 425.11 of the Code of Civil Procedure. Respondent did not file a statement notifying appellant of the amount of special and general damages sought to be recovered. Moreover, the record reveals that respondent’s written request to enter default (form adopted by the Judicial Council of California, revised effective July 1, 1975) left totally blank the “amount” of “judgment to be entered.”
 

 
 *797
 
 Appellant moved to set aside the default on January 3, 1978, and when the motion was denied, moved for reconsideration on February 7, 1978. This motion was denied and the default reaffirmed.
 

 Appellant petitioned this court for a writ of prohibition/mandamus which was denied on February 28, 1978. On March 1, 1978, a judgment hearing was held, testimony taken, and the trial court rendered judgment in favor of respondent for $150,000 plus costs. The judgment was entered on March 2, 1978 and this timely appeal from the judgment was filed on March 6, 1978. Appellant also is appealing from the order denying the motion to vacate the default and the motion for reconsideration after prior refusal. We point out that no appeal lies from the denial of a motion to vacate default, although such a ruling can be reviewed on appeal from the judgment. (See
 
 Uva
 
 v.
 
 Evans
 
 (1979) 83 Cal.App.3d 356, 360 [147 Cal.Rptr. 795].)
 

 Appellant advances three grounds for setting aside the default judgment. In our view appellant’s first issue is meritorious and dispositive; consequently, we do not address appellant’s remaining issues. Appellant contends first that “[t]he trial court exceeded its jurisdiction in entering a default judgment for $150,121.00 against a defendant who had not received notice of the damages sought against it as required by C.C.P. § 425.11 and the state and federal constitutions.”
 

 The facts underlying this action, as alleged in the complaint, are as follows: Appellant, whose business activity is to a substantial extent involved with obtaining secretarial services for its clients, contacted respondent on or about January 10, 1977, and inquired if she were available for temporary secretarial work. When respondent said that she was, she was told to meet a certain man at the Monterey Peninsula Airport for the purpose of performing secretarial services for him. Respondent met the man at the appointed place and accompanied him in his car. He subsequently attacked respondent with a knife and raped her. He was later apprehended and, following a preliminary hearing in the Salinas Municipal Court, hanged himself in his jail cell.
 

 Respondent’s complaint sought damages for personal injuries. Section 425.10
 
 *
 
 provides that in a superior court action to recover damages for personal injury the complaint “shall not” state the amount of damages sought. Section 425.11 provides in relevant part that “the plaintiff shall give notice to the defendant of the amount of special and general
 
 *798
 
 damages sought to be recovered (1) before a default may be taken; . . .” The complaint complied with section 425.10; however, respondent’s failure to comply with section 425.11 requires that the default judgment in the amount of $150,121 be reversed. When we consider these statutes, together with section 580, which limit the amount of damages recoverable on a default judgment to the amount demanded in the complaint, we conclude that any other result would effectively deny a defaulting defendant due process, a fair hearing. As this court pointed out in
 
 Kass
 
 v.
 
 Young
 
 (1977) 67 Cal.App.3d 100 [136 Cal.Rptr. 469], “a party in default is not made subject to unlimited effects of his default. Relief may not be given beyond that prayed for (Code Civ. Proc., § 580); damages except when fixed by contract must be proved (Code Civ. Proc., § 585;
 
 Liberty Loan Corp, of North Park
 
 v.
 
 Petersen,
 
 24 Cal.App.3d 915 [101 Cal.Rptr. 395]); substantial amendment to the pleading after default is not permitted without second service of process
 
 (Leo
 
 v.
 
 Dunlap,
 
 260 Cal.App.2d 24 [66 Cal.Rptr. 888]).” (At p. 106.)
 

 Appellant herein was entitled to notice of the amount in controversy. As the record reveals this was not done either by way of a statement of damages (§ 425.11) or request to enter default. The “. . . policy underlying all precepts of jurisprudence and protected by our constitutions” is that a defendant must be given notice of what judgment may be taken against him.
 
 (Burtnett
 
 v.
 
 King
 
 (1949) 33 Cal.2d 805, 808 [205 P.2d 657, 12 A.L.R.2d 333].) This policy is codified in California. In the instant case, the default should not have been taken in the absence of any notice to appellant of the amount in controversy. The meaning of section 425.11 is clear and removes the anomaly between section 580 and section 425.10.
 

 A judgment by default in excess of the amount of the relief demanded by the prayer denies the defaulting defendant a fair hearing and is an act in excess of jurisdiction. (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 204, p. 735;
 
 Wilkinson
 
 v.
 
 Wilkinson
 
 (1970) 12 Cal.App.3d 1164 [91 Cal.Rptr. 372].) It would appear that where no specific amount of damages is requested that any amount would be in excess of that demanded.
 

 Respondent argues that appellants failed to raise the above contention in the trial court, and that therefore this court has no standing to consider it on appeal. Although it is true that appellant did not present this ground in its motion to set aside the default judgment below, questions of jurisdiction are never waived and may be raised for the first
 
 *799
 
 time on appeal.
 
 (Consolidated Theatres, Inc.
 
 v.
 
 Theatrical Stage Employees Union
 
 (1968) 69 Cal.2d 713, 721 [73 Cal.Rptr. 213, 447 P.2d 325];
 
 Costa
 
 v.
 
 Banta
 
 (1950) 98 Cal.App.2d 181, 182 [219 P.2d 478]; 1 Witkin, Cal. Procedure,
 
 supra,
 
 Jurisdiction, § 10, p. 535.)
 

 Respondent’s contention that appellant’s argument is an attempt to enter evidence not in the record into an appellate brief is clearly without merit. The record discloses that no notice of damages sought was ever filed or served below. The fact that appellants had notice of the amount sought after it had been awarded is not, contrary to respondent’s contention, adequate notice, and the cases cited by respondent for the proposition that defaults are uniformly upheld in dissolution cases where spousal support is awarded pursuant to a request of an unspecified amount are not in point. As has been said in an analogous context, in the very case respondent cites, the cited cases “. . . are not in point for the reason that there, support money or alimony was involved, and it may be conceded that this issue is so germane to the issue of divorce that a defendant must anticipate an award therefor although there is no prayer to that effect.”
 
 (Burtnettv. King, supra,
 
 33 Cal.2d 805, 810.)
 

 Respondent also cites
 
 Barquis
 
 v.
 
 Merchants Collection Assn.
 
 (1972) 7 Cal.3d 94 [101 Cal.Rptr. 745, 496 P.2d 817], misleadingly. As pointed out in the case itself, notice of the amount of damages sought in the action was not an issue. (7 Cal.3d at p. 120, fn. 25.)
 

 Accordingly, the default judgment is reversed. Moreover, we find that the trial court erred in denying appellant’s motion to vacate the default. In our view the default when taken was not authorized. Before a default may be taken, “the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered. . . .” (§ 425.11.) Accordingly, on remand we direct the trial court to proceed in a manner not inconsistent with this opinion.
 

 Scott, J., and Feinberg, J., concurred.
 

 A petition for a rehearing was denied August 2, 1979, and respondent’s petition for a hearing by the Supreme Court was denied August 29, 1979.
 

 *
 

 Unless otherwise stated, all statutory references are to the Code of Civil Procedure.