[No. S012426. Apr. 15, 1991.]

DAVID SCHWAB et al., Plaintiffs and Appellants, v.
RONDEL HOMES, INC., et al., Defendants and Respondents.

COUNSEL

Meserve, Mumper & Hughes and Andrew K. Ulich for Plaintiffs and Appellants.

Chase, Rotchford, Drukker & Bogust, Patrick A. Long, Kirstin H. Simonson, Long & Williamson, John S. Williamson, Sedgwick, Detert, Moran & Arnold, Alan J. Freisleben, Fred D. Baker and Curtis D. Parvin for Defendants and Respondents.

OPINION

**BROUSSARD, J.**—This case presents the question of whether a plaintiff's failure to serve notice of damages upon a defendant pursuant to Code of Civil Procedure sections 425.10 and 425.11[1] precludes the plaintiff from taking a default against the defendant. We conclude that a plaintiff may not take a default against a defendant without giving the defendant actual notice as required by statute.

## I. FACTS

Plaintiff Bill Allen is deaf and uses a signal dog. He and his roommate, plaintiff David Schwab, wished to rent an apartment in Lincoln Terrace, an apartment complex owned and managed by defendants. Plaintiffs informed the complex manager that they had a signal dog, showed the manager a card certifying the dog as a signal dog, and gave the manager a book discussing the legal rights of persons owning signal dogs. The manager still refused to rent to plaintiffs because of the signal dog.

On September 24, 1987, plaintiffs brought an action against defendants for housing discrimination under Civil Code section 54.1, subdivision (b)(5), and sought damages under Civil Code section 54.3. The prayer of the complaint requested damages for each plaintiff for mental and emotional distress and for "further monetary and pecuniary losses and damages" in amounts according to proof, treble statutory damages also in amounts according to proof "but in a sum no less than $250," attorney fees, and punitive damages of $500,000. Defendants failed to respond to the complaint and a default was entered on December 24, 1987. Thereafter, at a prove-up hearing, the trial court awarded each plaintiff "the principal sum

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

of $50,000," punitive damages of $100,000, and modest attorney fees and costs.

In April 1988, the trial court granted defendants' motion to set aside the default and default judgment, finding plaintiffs should have served a statement of damages upon defendants pursuant to section 425.11. The Court of Appeal reversed the order setting aside the default, but limited the default judgment to $25,000 per plaintiff for general damages. The Court of Appeal otherwise affirmed the remainder of the judgment, including the punitive damages of $100,000 per plaintiff.

## II.  DISCUSSION

The question before us is whether a default may be entered and judgment taken where the plaintiff has failed to serve notice of damages on the defendant pursuant to section 425.11. The conclusion of the Court of Appeal is in conflict with both the statute and the preponderance of the case law, and is thus reversed.[2]

Section 585 authorizes a court to enter default against a defendant that does not answer a complaint; section 580, however, provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint." Accordingly, until amendments in 1974, plaintiffs in all actions were required to state in their complaints the amount of damages claimed before they could obtain damages in a default judgment.[3]

In 1974 and again in 1979, section 425.10 was amended to provide, in pertinent part: "A complaint or cross-complaint shall contain . . . [a] demand for judgment for the relief to which the pleader is entitled. If the recovery of money or damages be demanded, the amount thereof shall be stated, *unless the action is brought in the superior court to recover actual or punitive damages for personal injury or wrongful death, in which case the amount thereof shall not be stated.*" (Italics added.) ■ The purpose of the 1974 amendment to section 425.10 was to "protect the defendants from adverse publicity resulting from inflated demands, particularly in medical malpractice cases." (*Jones* v. *Interstate Recovery Service* (1984) 160

---

[2] In light of our conclusion that the trial court order setting aside the default judgment should be affirmed because of the inadequacy of the notice of damages, we have no occasion to pass on defendants' additional objections to the judgment.

[3] As originally passed, section 425.10 read simply: "A complaint or cross-complaint shall contain both of the following: [¶] (a) A statement of facts constituting the cause of action, in ordinary and concise language. [¶] (b) A demand for judgment for the relief to which the pleader claims he is entitled. *If the recovery of money or damages be demanded, the amount thereof shall be stated . . . .*" (Italics added.)

Cal.App.3d 925, 928 [206 Cal.Rptr. 924].) Simultaneously, section 425.11 was added, requiring in pertinent part that plaintiffs in personal injury and wrongful death cases "give notice to the defendant of the amount of special and general damages sought to be recovered . . . before a default may be taken."[4]

Plaintiffs initially claim that their complaint is not subject to section 425.11 because their action is not for "personal injury or wrongful death" within the meaning of section 425.10. Indeed, we have observed in another context that where an emotional distress claim is "incidental" to the cause of action, the cause of action will not be considered an action "to recover damages for personal injury." (See Gourley v. State Farm Mut. Auto. Ins. Co., ante, 121, at p. 123 [279 Cal.Rptr. 307, 806 P.2d 1342] [prejudgment interest under section 3291 not allowed in action for breach of the implied covenant of good faith and fair dealing].) However, plaintiffs' own pleadings belie their assertion that mental or emotional distress does not, in fact, lie at the heart of their action: "Plaintiffs pray for judgment as follows: 1. Damages for mental and emotional distress in an amount as may be according to proof." In the prove-up hearing, plaintiffs presented sufficient evidence to persuade the trial judge to award each plaintiff $50,000 in general damages. Thus, we find that plaintiffs' action is an "action . . . to recover actual or punitive damages for personal injury or wrongful death" under section 425.10.

Plaintiffs alternatively assert that, even if this case is a personal injury action for purposes of section 425.10, they are still entitled to the default entered by the trial court. In several instances the Courts of Appeal have reviewed defaults awarded when no notice of damages was served upon the defaulting defendant.[5] Those courts, in accordance with the general rule

---

[4] Section 425.11 reads: "When a complaint or cross-complaint is filed in an action in the superior court to recover damages for personal injury or wrongful death, the party against whom the action is brought may at any time request a statement setting forth the nature and amount of damages sought. The request shall be served upon the plaintiff or cross-complainant, who shall serve a responsive statement as to the damages within 15 days thereafter. In the event that a response is not served, the party, on notice to the plaintiff or cross-complainant, may petition the court in which the action is pending to order the plaintiff or cross-complainant to serve a responsive statement.

"If no request is made for such a statement setting forth the nature and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered (1) before a default may be taken; or (2) in the event an answer is filed, at least 60 days prior to the date set for trial."

[5] See, e.g., Hamm v. Elkin (1987) 196 Cal.App.3d 1343 [242 Cal.Rptr. 545]; Morgan v. Southern Cal. Rapid Transit Dist. (1987) 192 Cal.App.3d 976 [237 Cal.Rptr. 756]; Twine v. Compton Supermarket (1986) 179 Cal.App.3d 514 [224 Cal.Rptr. 562]; Plotitsa v. Superior Court (1983) 140 Cal.App.3d 755 [189 Cal.Rptr. 769]; Petty v. Manpower, Inc. (1979) 94 Cal.App.3d 794 [156 Cal.Rptr. 622]; Stevenson v. Turner (1979) 94 Cal.App.3d 315 [156 Cal.Rptr. 499]; and Uva v. Evans (1978) 83 Cal.App.3d 356 [147 Cal.Rptr. 795].

established by section 580, have generally refused to approve or affirm default judgments in excess of the amount of damages for which the defendants had notice. The defendant is entitled to " 'one "last clear chance" to respond to the allegations of the complaint and to avoid the precise consequences . . . [of] a judgment for a substantial sum . . . . [without] any actual notice of . . . potential liability . . . .' [Citations omitted.]" (*Twine v. Compton Supermarket, supra,* 179 Cal.App.3d at p. 517, quoting *Stevenson v. Turner, supra,* 94 Cal.App.3d at p. 320.) Indeed, as "knowledge of the alleged amount of damages may be crucial to a defendant's decision whether to permit a clerk's default" (*Hamm v. Elkin, supra,* 196 Cal.App.3d at p. 1346), liability imposed upon a defaulting defendant without notice of the amount of damages claimed violates both sections 425.11 and 580.

As a general rule, a default judgment is thus limited to the damages of which the defendants had notice. Yet plaintiffs argue, relying upon *Morgan v. Southern Cal. Rapid Transit Dist., supra,* 192 Cal.App.3d 976 (hereafter *Morgan*), that because this action has been brought in superior court, defendants are on notice that plaintiffs claim at least the jurisdictional minimum in damages. We do not agree.

We determined in *Greenup v. Rodman* (1986) 42 Cal.3d 822 [231 Cal.Rptr. 220, 726 P.2d 1295] (hereafter *Greenup*) that a plaintiff's complaint claiming general damages "in an amount that exceeds the jurisdictional requirements of this court" provided the defendant notice that the plaintiff was seeking general damages of at least $15,000—the jurisdictional minimum of the court in which she appeared. (*Id.* at p. 830.) *Morgan, supra,* 192 Cal.App.3d 976, extended *Greenup*'s holding in a case where it found inadequate notice of damages to the defendant, interpreting *Greenup* to hold that "the usual remedy [for the failure to give notice of damages] would be to reduce the default judgment to the amount demanded in the complaint *or, if no amount is demanded, to the minimum jurisdiction of the superior court.*" (*Id.* at p. 987, italics added.)

The court in *Morgan, supra,* 192 Cal.App.3d 976, interpreted *Greenup* too broadly. While we did award the plaintiff the jurisdictional minimum in general damages in *Greenup*, the facts in that case differed substantially from the facts before the court in *Morgan* and the facts before us today. Indeed, for its rationale *Greenup* cited and relied in large part on *Engebretson & Co. v. Harrison* (1981) 125 Cal.App.3d 436 [178 Cal.Rptr. 77], a case that held that a plaintiff's prayer for damages "in excess of $5,000" entitled that plaintiff to a default judgment of $5,000, but no more. (*Id.* at pp. 444-445.) In *Greenup*, the plaintiff pleaded general damages, specifically stated to be in excess of the court's jurisdictional requirements. Based on such notice, we held that the defendant knew, or should have known, that the

plaintiff was claiming at least $15,000 in general damages. (*Greenup, supra*, 42 Cal.3d at p. 830.)

*Morgan* interpreted *Greenup* to hold that *all* defendants should be presumed to be on notice of the plaintiffs' claim for general damages of at least the jurisdictional minimum regardless of the form of complaint. The case before us, however, shows the flaw in this reasoning: plaintiffs' claim for $500,000 per plaintiff in punitive damages in itself properly put this case before the superior court. (See *Hoban* v. *Ryan* (1900) 130 Cal. 96 [62 P. 296]; 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 20, p. 387.) Because plaintiffs' claim for punitive damages had already established the superior court's jurisdiction, neither a layperson nor an experienced attorney could be presumed to know the amount of general damages plaintiffs were seeking in this case.

The theory that all defendants have constructive notice that the plaintiffs claim at least the jurisdictional minimum in damages unravels on examination of section 425.11. That section requires not only that the plaintiffs give notice of damages, but specifically of "the amount of special and general damages sought to be recovered." Even if we were to presume that a layperson is aware of the jurisdictional minimum in superior court, no person could know the amount of general damages sought in this case. Accordingly, we disapprove *Morgan, supra*, 192 Cal.App.3d 976, to the extent that it suggests that a default judgment may be entered in the absence of notice in the complaint or a "statement of damages" of the special and general damages sought.

In contrast to *Morgan*, several Courts of Appeal have not presumed notice of a minimum jurisdictional amount in determining whether the notice requirement of section 425.11 has been fulfilled.[6] In *Petty* v. *Manpower, Inc., supra*, 94 Cal.App.3d 794, the Court of Appeal reversed a default judgment in the absence of notice to the defendant of the amount of damages sought. Similarly, in *Hamm* v. *Elkin, supra*, 196 Cal.App.3d 1343, the Court of Appeal refused to uphold a default where a statement of damages was not served upon the defendant until after the default was entered. And in *Plotitsa* v. *Superior Court, supra*, 140 Cal.App.3d 755, the Court of Appeal vacated a default where notice of damages claimed had been sent only one day before default was entered against the defendant. (See also *Twine* v. *Compton Supermarket, supra*, 179 Cal.App.3d 514.)[7]

---

[6] None of these cases attempt to interpret or cite *Greenup, supra*, 42 Cal.3d 822. However, all these cases require *actual* notice of damages claimed and thus implicitly reject the *Morgan* interpretation of *Greenup*'s holding.

[7] Where the defendant has been given *actual* notice, though no document entitled "statement of damages" has been served upon the defendant, the Courts of Appeal have sometimes sustained an entry of default. Thus, in *Uva* v. *Evans, supra*, 83 Cal.App.3d 356, a default was

We agree with these decisions' interpretation of the statute. ■ " ' "[S]ignificance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." ' " (*J. R. Norton Co. v. Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 36 [160 Cal.Rptr. 710, 603 P.2d 1306].) ■ In section 425.11, the use of the word "notice" and the terms of art "special and general damages" implies that the Legislature intended that a defendant be given actual notice of the special and general damages claimed by the plaintiff.

This holding is consistent with our holding in *Greenup*. In that case, we recognized that sections 425.10 and 425.11 "aim to ensure that a defendant who declines to contest an action does not thereby subject himself to open-ended liability." (*Greenup, supra,* 42 Cal.3d at p. 826.) We also noted that "the allegations of a complaint may cure a defective prayer for damages." (*Id.* at p. 829.) Thus, even though the plaintiff in *Greenup* did not follow the procedure required by sections 425.10 and 425.11, we held that the plaintiff's prayer in the complaint for general damages "in an amount that exceeds the jurisdictional requirements" of the superior court provided sufficient notice to that defendant of the amount of damages claimed. (*Id.* at p. 830.)

In this case, the fact that defendants had notice of plaintiffs' prayer for statutory damages in an amount according to proof but "no less than $250" and punitive damages in the amount of $500,000 is not sufficient to meet the requirements of section 425.11. Neither statutory nor punitive damages fulfills the mandate of section 425.11, which requires specific notice of "the amount of *special and general* damages sought to be recovered . . . ." (Italics added.) Accordingly, we decline to hold that notice of statutory or punitive damages provides "notice" of special and general damages claimed as required by section 425.11.

We cannot allow a default judgment to be entered against defendants without proper notice to them of the amount of damages sought. A defendant is entitled to actual notice of the liability to which he or she may be subjected, a reasonable period of time before default may be entered. The trial court in this case properly vacated the default entered against defendants.

### III. DISPOSITION

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Panelli, J., Kennard, J., Arabian, J., and Baxter, J., concurred.

---

entered against the defendant when damages were stated in the complaint (contrary to the provisions of § 425.10).

**MOSK, J.**—I dissent.

In the Old West the technique was said to be: "hang him first; give him a trial later." Here we have a modern variation of that theme: "demand payment of money damages first; tell him the amount later."

The majority conclude that unless a plaintiff has specified the amount of general and special damages in the complaint, he or she recovers nothing when the defendant defaults. In so deciding, the majority take an already absurd statutory scheme and heap dubious policy atop it, to the detriment of California plaintiffs and conscientious defendants but to the benefit of the fleet-footed absconder.

Code of Civil Procedure section 425.10[1] expressly forbids a personal injury plaintiff to allege the amount of damages sought. Nor, if we read the statute strictly, may the complaint pray even for the jurisdictional minimum.[2] As a result, henceforth personal injury plaintiffs are faced with a dilemma. They can violate section 425.10 by specifying the damages amount in the complaint. (See *Uva* v. *Evans* (1978) 83 Cal.App.3d 356, 360 [147 Cal.Rptr. 795].) They can pray for the jurisdictional minimum and risk a finding that they have violated section 425.10. (Cf. *Greenup* v. *Rodman* (1986) 42 Cal.3d 822, 830 [231 Cal.Rptr. 220, 726 P.2d 1295].) Or they can obey section 425.10, remain silent, and hope they will be able to serve a statement of general, special and punitive damages on the defendant.[3] But I shall show that serving that statement may well be difficult. The rule forbidding any statement of the damages amount in a personal injury complaint is harsh enough. Today we compound a plaintiff's dilemma and create a strong incentive for a defendant to default.

---

[1] Further unlabeled statutory references are to this code.

[2] Section 425.10 provides in relevant part: "A complaint or cross-complaint shall contain both of the following:

". . . . . . . . . . . . . . . .

"(b) A demand for judgment for the relief to which the pleader claims he is entitled. If the recovery of money or damages be demanded, the amount thereof shall be stated, unless the action is brought in the superior court to recover actual or punitive damages for personal injury or wrongful death, in which case the amount thereof shall not be stated."

[3] Section 425.11 requires a statement only of "the amount of special and general damages sought to be recovered . . . before a default may be taken . . . ." However, now that section 425.10 forbids all mention of punitive as well as actual damages (see 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 463, p. 504), no doubt the statement must include punitive damages as well. The majority's conclusion that "plaintiffs' claim for $500,000 per plaintiff in punitive damages in itself properly put this case before the superior court" (maj. opn., *ante*, p. 434) is thus correct only if the word "properly" is excised: it was error to include the specific monetary demand for punitive damages. But the "error" is not surprising. A pleading system that disfavors the furnishing of vital information defies common sense and is inherently counterintuitive.

I turn to the specific flaws in the majority opinion. The majority declare that *Morgan* v. *Southern Cal. Rapid Transit Dist.* (1987) 192 Cal.App.3d 976 [237 Cal.Rptr. 756] (hereafter *Morgan*) reads *Greenup* v. *Rodman, supra,* 42 Cal.3d 822 (hereafter *Greenup*), too broadly. In my view, it is the majority who misread *Greenup.* The *Morgan* opinion correctly held that if a personal injury plaintiff seeking a default fails to properly serve a statement of special and general damages, he or she is nonetheless entitled to the jurisdictional minimum in the court in which the suit was filed. (192 Cal.App.3d at p. 987.) *Greenup* does not bar that conclusion.

Greenup sued for personal injuries and other torts. She won a default after Rodman's answer was stricken as a sanction for abominable behavior and failure to comply with court rulings. Her complaint did not specify the amount of compensatory damages, but sought $100,000 in punitive damages. It is unclear whether the punitive damages demand was for personal injury, the other torts, or both. The trial court awarded Greenup $676,000 in compensatory and punitive damages. *Greenup* does not say whether some or all of that award was for personal injury, but presumably some of it was, because Greenup alleged intentional infliction of emotional distress. The Court of Appeal affirmed. We reduced Greenup's award to $15,000 for compensatory and $100,000 for punitive damages without specifically disallowing compensation for personal injury.

In the reflection of the majority's optically distorted mirror, the key paragraph of *Greenup* on which the majority rely is barely recognizable.

*Greenup* declares: "Each of plaintiff's causes of action, *with the exception of her personal injury claim*, concluded with the allegation that she suffered damage 'in an amount that exceeds the jurisdictional requirements of this court.' . . . By her allegations, plaintiff thus gave sufficient notice to defendants that she claimed at least $15,000 in compensatory damages. While an award in excess of $15,000 would be improper, a judgment in that amount was within the jurisdiction of the court." (42 Cal.3d at p. 830, italics added.)

The majority quote this language to conclude that Greenup "pleaded general damages, specifically stated to be in excess of the court's jurisdictional requirements." (Maj. opn., *ante,* p. 433.) The plain language of *Greenup* in the previous paragraph belies that statement. It is clear that Greenup did not allege the amount of her personal injury damages, or even pray for the jurisdictional minimum as compensation for personal injury. (42 Cal.3d at pp. 825, 830.) No doubt Greenup avoided any mention of the amount of

damages in her personal injury claim precisely because she believed correctly that section 425.10 forbade the reference.[4]

Immediately following the material quoted two paragraphs above, *Greenup* stated, "(See *Engebretson & Co.* v. *Harrison, supra,* 125 Cal.App.3d at p. 444.)" (42 Cal.3d at p. 830.) From this bare reference the majority divine: "Indeed, for its rationale *Greenup* cited and relied *in large part* on *Engebretson & Co.* v. *Harrison.* . . , a case that held that a plaintiff's prayer for damages 'in excess of $5,000' entitled that plaintiff to a default judgment of $5,000, but no more." (Maj. opn., *ante,* p. 433, italics added.) The implication is that the pleadings in *Greenup* were closer to those in *Engebretson & Co.* v. *Harrison* (1981) 125 Cal.App.3d 436 [178 Cal.Rptr. 77] (hereafter *Engebretson*) than to those here. I disagree.

First, *Engebretson* was a securities matter, not a personal injury case. (125 Cal.App.3d at pp. 438, 440.) Second, the paragraph of *Engebretson* referred to in *Greenup* decided an entirely different question: whether the court had subject-matter jurisdiction.[5]

Thus it would have been impossible for *Greenup* to rely "in large part" on *Engebretson.* Moreover, *Engebretson*'s reference to default judgments was itself a mere aside. It is therefore no surprise that *Greenup*'s citation to Engebretson is qualified by "see," a signal that in *Greenup* we believed the reference was to a mere dictum. (Cal. Style Manual (3d ed. 1986) § 101, p. 69.) In short, *Greenup* did not rely heavily on *Engebretson*; it reached its conclusion independently.

Hence, only by misreading the facts of *Greenup* and by exaggerating *Greenup*'s reliance on *Engebretson* can the majority conclude that *Morgan* read *Greenup* too broadly. We must either forthrightly overrule *Greenup* or let it stand. I prefer the latter course. *Morgan* concluded, "In *Greenup,* the

---

[4] It is unclear whether Greenup prayed for a specific amount of punitive damages for personal injury, though there is no reason to believe she was any less meticulous with respect to punitive damages than actual. If she was, it was an understandable mistake. (See fn. 3, *ante.*)

[5] "Engebretson contends that the prayer of Harrison's original complaint seeking damages 'in excess of $5,000' was insufficient to establish subject matter jurisdiction in the superior court. Engebretson relies on authorities holding that such a prayer will support a judgment for no more than $5,000, and on the requirement (before July 1, 1979) that the amount in controversy in an action in superior court exceed $5,000. . . . The contention is without merit. While it is true that the prayer will support a default judgment for $5,000 only, and that superior court jurisdiction required, at the time in question, an amount in controversy in excess of $5,000, it does not follow that the prayer of the complaint was insufficient. . . . If Engebretson's contention were accepted, a request for damages 'in excess of $5,001' would be sufficient, but a prayer for damages 'in excess of $5,000' would not. To so hold would be an insult to common sense and a trap for the unwary." (125 Cal.App.3d at pp. 444-445.)

court held the usual remedy would be to reduce the default judgment to the amount demanded in the complaint or, if no amount is demanded, to the minimum jurisdiction of the superior court." (192 Cal.App.3d at p. 987.) That is indeed the only rational interpretation of *Greenup. Morgan* thus gave *Greenup* a more objective reading than the majority give it today.

Having shown that *Greenup* may not be relied on for the proposition that a personal injury plaintiff recovers nothing after failing to serve a statement of special and general damages on a defendant, I turn to the relevant statute to ascertain whether it compels this result. Only the most straitened reading could lead to the conclusion that it does.

Section 425.11 provides, "If no request is made for . . . a statement setting forth the nature and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered . . . before a default may be taken . . . ." I do not dispute that section 425.11 requires some sort of notice of the amount of damages. But the statute can logically be read only to require giving a defendant notice of the precise amount of damages before a default may be taken for the full amount sought. I adhere to the conclusion of *Greenup* and *Morgan* that when a plaintiff sues in superior court the filing of the action provides sufficient notice that at least the jurisdictional minimum in compensatory damages is sought.

Of course, the careful plaintiff will serve the defendant with a statement of damages as soon as they can be ascertained—with the complaint if possible. But the statement requires some specificity. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter 1990) § 6:172.1, p. 6-38, & form 6:T, p. 6-109; see also *Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755, 761-762 [189 Cal.Rptr. 769].) If it is not possible to serve a reasonably specific and accurate statement of damages with the complaint, later service of the statement may be difficult. The law now requires personal service of the statement of damages. (*Twine* v. *Compton Supermarket* (1986) 179 Cal.App.3d 514, 517 [224 Cal.Rptr. 562]; *Plotitsa* v. *Superior Court, supra*, 140 Cal.App.3d at pp. 759-761.) A defendant once burned by service of the complaint will be twice shy of answering an evening knock at the door.[6]

A hypothetical scenario illustrates some of the difficulties personal injury plaintiffs will now face. Plaintiff sues for personal injury damages and,

---

[6] Moreover, there is a controversy about whether 30 days' notice of the damages amount is required before a default may be taken. (Compare *Connelly* v. *Castillo* (1987) 190 Cal.App.3d 1583, 1589 [236 Cal.Rptr. 112], with *Plotitsa* v. *Superior Court, supra*, 140 Cal.App.3d at p. 761.) Today's decision does not resolve that issue.

faithful to section 425.10, makes no statement about the amount of damages. Both parties correctly believe that the actual damages are $25,000, but the loss cannot be quantified in good faith at the time the complaint is served, so no statement of damages accompanies the complaint. Defendant does not answer. Instead, intending to default, defendant decides to take a long vacation. Plaintiff cannot locate defendant, but neither can plaintiff seek entry of default, because he or she has not personally served the statement of damages. Plaintiff therefore takes nothing, at least for an indefinite period. Defendant incurs only the cost of a carefree vacation, at a great discount from the amount owed.

It is true that a plaintiff can still seek service by publication or some form of substituted service (see *Plotitsa* v. *Superior Court, supra*, 140 Cal.App.3d at p. 761), but substituted service on a fleet-footed defendant can be difficult and service by publication is procedurally cumbersome (§ 415.50).

The majority rely on three cases in support of their conclusion that *Morgan* read *Greenup* too broadly. (Maj. opn., *ante*, p. 434.) But two of these cases (*Plotitsa* v. *Superior Court, supra,* 140 Cal.App.3d 755; *Petty* v. *Manpower, Inc.* (1979) 94 Cal.App.3d 794 [156 Cal.Rptr. 622]) *preceded Greenup*. Thus it is not surprising that, as the majority concede, the cases do not attempt to cite or interpret *Greenup*. (Maj. opn., *ante*, p. 434, fn. 6.) The third case (*Hamm* v. *Elkin* (1987) 196 Cal.App.3d 1343 [242 Cal.Rptr. 545]) is a very short opinion that does not seem to have been aware of either *Greenup* or *Morgan*. I am not persuaded this meager authority from the Courts of Appeal justifies abandoning either *Greenup*, a Supreme Court opinion, or the well-reasoned *Morgan* decision.

Ultimately, the solution to this problem lies with the Legislature. The procedural hurdles to recovery now greatly outweigh the Legislature's apparent concern about the embarrassment to personal injury defendants of adverse publicity stemming from a lawsuit with a prayer for monumental damages. (See *Jones* v. *Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 928 [206 Cal.Rptr. 924]; *Review of Selected 1974 California Legislation* (1975) 6 Pacific L.J. 125, 216-217.)

A statutory scheme that forbids a party to provide useful information—a form of compulsory silence—and that creates anomalous results of the type reached today urgently needs reexamination. Moreover, in a newsworthy case a lawyer or party can always call a press conference and trumpet the claim to the heavens, or at least to the terrestrial media. Thus not only are sections 425.10 and 425.11 bad law and bad policy, they are an ineffective means of implementing the Legislature's apparent intent. Nor can they be

made effective: I cannot conceive of legislation that could constitutionally prevent plaintiffs with sensational personal injury damage claims from announcing those claims in any forum whatsoever.