Filed 5/25/22  Phillips v. Wang CA1/2
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| TWELL B. PHILLIPS, SR. et al.<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>CHANG WANG et al.,<br><br>    Defendants and Appellants. | A162181<br><br>(Solano County<br>Super. Ct. No. FCS050396) |

Plaintiffs Twell and Vasie Phillips, represented by an experienced attorney, obtained a default judgment of over half a million dollars against their self-represented former landlords, defendants Chang and Yen Wang.[1] We requested supplemental briefing on what we believe are the principal issues to be decided on defendants' appeal:  (1) Is the default judgment void because rendered in excess of the trial court's jurisdiction, and (2) if so, did the trial court err in denying Chang's motion to set aside the default judgment pursuant to Code of Civil Procedure[2] section 473, subdivision (d)? Answering both questions in the affirmative, we reverse the trial court's

---

[1] For ease of reference and with no disrespect intended, we refer to persons by their first names.

[2] All undesignated statutory references are to the Code of Civil Procedure.

1

decision denying the motion for relief and remand for further proceedings consistent with this opinion.

## BACKGROUND

### *The Lease*

Yen owned a single-family home located on Beverly Drive in Vallejo, which she managed as a Section 8 rental (the premises). Plaintiffs rented the premises from June 2013, until September 2016. As Section 8 recipients, plaintiffs were responsible for paying a portion of the monthly rent of $1,080, and the City of Vallejo Housing and Community Development Agency paid the balance. In April 2016, Chang informed plaintiffs that rent would increase to $1,500 per month effective May 2016.

### *The Unlawful Detainer Action*

On August 20, 2016, Chang served plaintiffs with a three-day notice to pay rent or quit, which demanded that plaintiffs immediately pay $3,371 in delinquent rent for the period July 2016, through September 2016. Chang filed an unlawful detainer action against plaintiffs on September 2, 2016, and obtained a default judgment for possession of the premises 10 days later. Plaintiffs moved out on September 20, 2016.

### *Plaintiffs' Action Against Defendants*

On February 23, 2018, plaintiffs filed a complaint against defendants arising out of their prior tenancy. Plaintiffs alleged that the premises failed Section 8 inspections in 2014, 2015, and 2016; the appliances, heating, and plumbing were defective; the floors and stairways were unsafe; and spiders infested the premises due to holes in the walls. They further alleged that Twell was injured on February 23, 2016, when he fell through the rear landing stairs. According to plaintiffs, defendants "engaged in a pattern and

practice of taking adverse actions against them after they requested repairs . . . [or] engaged in other legally protected activity."

The complaint alleged nine causes of action. Because the damages requested in the complaint are central to determining whether the default judgment is void, we discuss plaintiffs' claims in some detail. In the first cause of action for breach of contract, fourth cause of action for nuisance, and the fifth cause of action for breach of the covenant of quiet enjoyment, plaintiffs requested an award of damages in excess of the superior court's jurisdictional threshold of $25,000. In the second cause of action for negligence, the third cause of action for breach of the implied warranty of habitability, the sixth cause of action for collection of rent for untenantable dwelling, and the seventh cause of action for premises liability, plaintiffs requested an award of damages "according to proof." The eighth cause of action for bad faith retention of security deposit requested the return of plaintiffs' security deposit (amount unspecified) and statutory damages of up to twice the amount of plaintiffs' security deposit. The ninth cause of action for unlawful business practices in violation of Business and Professions Code section 17200 sought injunctive relief, restitution "in an amount to be proven at trial," reimbursement of all rent paid for the premises, and "disgorge[ment] of ill-gotten gains and profits resulting from false statements, misrepresentations, and unlawful acts." Plaintiffs sought an unspecified award of punitive damages in connection with the second, third, fourth, fifth, and seventh causes of action. They requested statutory penalties in connection with the fifth cause of action ("two thousand dollars for each retaliatory act of Landlords"), sixth cause of action ("not less than $100 and not more than $5,000 for each violation of the statute") and eighth cause of action ("up to twice the amount of the security deposit"). Finally,

3

plaintiffs sought an award of attorney's fees based on contract and/or statute.

Defendants, who have been self-represented throughout this litigation, filed a motion to strike the complaint on April 2, 2018.  In their brief two-page motion, defendants stated, without reference to admissible evidence or a memorandum of points and authorities, that the premises passed all required inspections, did not require repairs, and that "Plaintiffs never report body injury during the years at [the premises]."  During a court-ordered "meet and confer" via e-mail, Chang told plaintiffs' attorney that he would withdraw the motion to strike and file an answer to the complaint. Chang did not follow through.  The trial court denied defendants' motion to strike because it failed to comply with California Rules of Court, rule 3.1300(c), and defendants had not filed a proof of service demonstrating that they served plaintiffs' attorney with a copy of the motion.

Defendants answered the complaint on July 23, 2018, repeating in their answer many of the factual assertions they had raised in their motion to strike.

Plaintiffs served each defendant with requests for production of documents, form interrogatories, special interrogatories, and requests for admissions on August 31, 2018.  Defendants did not provide timely responses to the discovery requests.  Plaintiffs moved for an order deeming the requests for admissions to be deemed admitted, for responses without objection to the other discovery requests, and for monetary sanctions of $3,360.  The trial court granted the unopposed motion as to most of

4

plaintiffs' discovery requests,[3] and ordered defendants to pay reduced monetary sanctions of $1,490.  On February 8, 2019, plaintiffs served defendants with a copy of the court order directing them to provide verified responses without objection to the outstanding discovery requests.

Defendants did not comply with the court's discovery order.  On April 4, 2019, plaintiffs filed a motion seeking terminating sanctions.  The court granted the unopposed motion on June 24, 2019, striking the answer filed by defendants' and ordering that the defendants' default be entered.

In July 2019, plaintiffs prepared two statements of damages pursuant to sections 425.11 and 425.115, which listed the damages claimed by each plaintiff.  Plaintiffs served defendants with copies of the statements of damages electronically on July 24, 2019, by substitute service on July 25, 2019,[4] and by mail on July 26, 2019.  Plaintiffs re-served the statements of damages on Chang, on behalf of himself and his wife, at their home in Santa Rosa on July 30, 2019.  The statement of damages requested a joint and several damages award of $280,770 against defendants, punitive damages of $50,000, and "reasonable attorney's fees."

A default prove-up hearing was held on October 18, 2019.  Chang appeared by phone, although, as a defaulted defendant, he was not permitted to participate in the hearing.[5]  Plaintiffs testified and presented

---

[3] The court denied plaintiffs' request for an order that Yen respond to form interrogatories, finding no proof that plaintiffs had directed form interrogatories to her.

[4] The substitute service allegedly occurred at a residence in Tiburon, although plaintiffs' attorney was aware that defendants' mailing address was in Santa Rosa.  Chang asserted that plaintiffs initial attempt to personally serve the statements of damages was ineffective.

[5] When the judge told him "you're not a participant in this hearing, again, because you're in default," Chang replied:  I understand that, but I

5

substantial documentary evidence in support of their claims. When the court queried whether plaintiffs intended to present additional evidence in support of their request for punitive damages, plaintiffs decided to withdraw this request. At the conclusion of the prove-up hearing, the court took the matter under submission.

The court issued a written "order re default judgment" on December 12, 2019. The court denied plaintiffs' request for punitive damages, finding that plaintiffs had not proven all of the required elements. With the exception of a claim for $1,928 in special damages allegedly incurred by plaintiffs' adult son, who was not a party to the litigation, the court granted each of plaintiffs' monetary demands in the amount requested. The court awarded special and statutory damages of $288,813.86 and general damages of $62,560, for a total damages award of $351,373.86. The court determined that a reasonable lodestar attorney's fee award was $86,100, then doubled that amount to $172,200 to reflect the "difficulty, novelty and complexity" of the case; the fact that plaintiffs' counsel worked on a contingency fee basis; and "to enable people in the position of these plaintiffs at the outset of this case to obtain experienced counsel." The attorney's fees award was reduced by $1,490 to avoid double-billing defendants for the discovery sanctions they were ordered to pay in June 2019. The court awarded costs of $4,758.24.

On December 26, 2019, the court entered a default judgment against defendants, jointly and severally, in the amount of $526,842.10. Plaintiffs served defendants with notice of entry of judgment on January 14, 2020.

---

have a reason to be default [*sic*] because of my—I have couple of heart attacks." The judge responded "Mr. Wang, this is not the time to address the question of whether or not you should remain in default."

6

On February 14, 2020, Chang moved to set aside the default judgment on three grounds. First, Chang argued pursuant to section 473, subdivision (b) that the court should exercise its discretion to set aside the judgment because it was entered due to his inadvertence, surprise, mistake, or excusable neglect. Second, he asserted that the judgment must be set aside because plaintiffs failed to serve him with a statement of damages before requesting entry of default as required by section 425.11, subdivision (c). Finally, Chang argued that the judgment must be set aside because it is void. (§ 473, subd. (d).) Although signed only by Chang, the caption of the motion refers to "defendants" jointly, and the body of the motion describes them as elderly litigants who were "deprived of due process and rendered unable to properly defend against the award."

Construing Chang's motion as a request to set aside the default,[6] which had been entered as a discovery sanction, plaintiffs argued that the motion was time-barred because it was filed more than six months after entry of default. They argued that Chang had not proven mistake or excusable neglect. Third, plaintiffs asserted that "this was not a case where personal injury or wrongful death are alleged as causes of action," rendering section 425.11 inapplicable. Fourth, plaintiffs argued, alternatively, that the complaint adequately alerted defendants to the amount of damages claimed, or that defendants had "actual notice" of the amount claimed due to being served with case management statements and other documents. Fifth, plaintiffs maintained that serving defendants with a statement of damages in July, prior to the prove-up hearing in October, satisfied due process.

---

[6] Although the caption states that Chang's motion seeks to set aside the default and the default judgment, the body of the motion requests that only the default judgment be set aside.

7

Chang did not appear at the hearing on his motion to set aside the default judgment. The court adopted its tentative ruling to deny the motion on the grounds that: (1) the motion was filed more than six months after defendants' default was entered; (2) Chang failed to attach a proposed responsive pleading to the motion; (3) "setting aside the default judgment without setting aside the default itself would be an idle act and therefore not permitted"; and (4) Chang failed to establish that the judgment was entered based on mistake, inadvertence, or excusable neglect. The court rejected Chang's due process arguments, noting that "[h]e agreed to electronic service, and he was served with a [section] 425.11 Statement of Damages three months before the prove-up hearing." Plaintiffs served defendants with a copy of the court order denying the motion for relief on March 24, 2020.

Chang filed a notice of appeal from the order denying the motion for relief on May 29, 2020. Yen is not listed as an appellant, and she did not sign the notice of appeal.

## DISCUSSION

### I. Plaintiffs' Procedural Objections

Before we reach the merits of the appeal, we address various procedural objections raised by plaintiffs.

### *The Notice of Appeal*

Plaintiffs maintain that because Yen is not listed as an appellant and did not sign the notice of appeal, only Chang may pursue the appeal. We disagree.

A notice of appeal must be liberally construed in favor of its sufficiency; this rule "applies to defects in the notice's designation of the parties to the appeal," including mis-describing a party or omitting a party

8

from the notice entirely. (Cal. Rules of Court, rule 8.100(a)(2); *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 885–886.) As plaintiffs acknowledge, the opening brief identifies both Chang and Yen as "appellants." Additionally, Yen confirmed her intention to participate in the appeal by signing the supplemental letter briefs submitted by defendants on March 28 and April 29, 2022. As the appeal seeks to reverse the default judgment entered against defendants jointly and severally,[7] plaintiffs are not prejudiced by our liberal construction of the notice of appeal to include both defendants. (*Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217.)

And, while plaintiffs are correct that "an appellant or his or her attorney" must generally sign a notice of appeal (Cal. Rules of Court, rule 8.100(a)(1)), this language has been construed to allow "*any person,* attorney or not, who is empowered to act on appellant's behalf" to sign the notice of appeal. (*Seeley v. Seymour* (1987) 190 Cal.App.3d 844, 853.) Here, as in *Toal,* we construe the notice of appeal to include both defendants based on our conclusion that Chang, Yen's husband, "was authorized to act on her behalf in the absence of a clear and satisfactory showing that such authority was lacking." (*Toal v. Tardif, supra,* 178 Cal.App.3d at p. 1216.)

---

[7] Plaintiffs suggest that even if the default judgment was reversed, it would continue to bind Yen because she chose not to appeal. While, as a general rule, a judgment is final against a nonappealing party even if reversed on the appeal of another party, this rule does not apply "where portions of the judgment adverse to a nonappealing party are so interwoven with the whole that appeal from a part affects the other parts; in such a situation, the appellate court can reverse the entire judgment if it is necessary to do justice." (*City of Santa Maria v. Cohen* (2017) 11 Cal.App.5th 96, 107.) Here, even if we agreed with plaintiffs that Yen is not a proper party to the appeal, the interests of justice would compel us to consider whether the joint and several default judgment should be enforced against her if reversed on appeal as to her husband.

9

*Waiver*

Plaintiffs assert that one or both defendants have waived their right to attack on the judgment on appeal. First, plaintiffs note that Yen did not join the motion for relief in the trial court. Second, Chang, in challenging the judgment in his motion for relief, relied only on section 425.11, subdivision (c), and failed to cite section 580. Third, the notice of appeal references Chang's motion for relief, a separately appealable order, and does not mention the default judgment. Fourth, defendants failed to discuss the validity of the default judgment in their opening brief. We reject plaintiffs' waiver arguments for the reasons that follow.

It is generally true that issues which were not raised in the trial court or properly addressed in an appellant's opening brief are deemed waived. (*Curcio v. Svanevik* (1984) 155 Cal.App.3d 955, 960; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.) However, the right to request that a void judgment be vacated cannot be waived. Because a clerk or judge has no authority to enter a default unless and until the defendant has received formal notice of the potential damages, a default entered without such formal notice is invalid. (*Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1324–1325, disapproved on other grounds in *Sass v. Cohen* (2020) 10 Cal.5th 861, 887, fn. 12 (*Sass*).) A request to set aside a void judgment can be raised at any time,[8] including for the first time on appeal. (*Matera v. McLeod* (2006) 145 Cal.App.4th 44, 59 (*Matera*); *People*

---

[8] See, e.g., *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 967: motion to vacate default judgment for failure to comply with section 580 timely when filed over seven years after defendants served with notice of entry of judgment, and over six years after defendants' motion for relief pursuant to section 473, subdivision (b) was heard and denied.

*ex. rel. Lockyer v. Brar* (2005) 134 Cal.App.4th 659, 666; *National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 417.)

Additionally, "[a]n appellate court has the discretion to consider for the first time on appeal an issue of law based on undisputed facts." (*Matera, supra,* 145 Cal.App.4th at p. 59.) In this case, the court offered both parties an opportunity to submit supplemental briefing on the issues raised by sections 425.11, subdivision (c) and 580. (Gov. Code, § 68081.) For these reasons, plaintiffs' arguments that the defendants have waived their right to challenge the default judgment are rejected.

### *Disentitlement Doctrine*

"An appellate court may dismiss an appeal where the appellant has willfully disobeyed the lower court's orders or engaged in obstructive tactics." (*Gwartz v. Weilert* (2014) 231 Cal.App.4th 750, 757–758.) "The rationale underlying the doctrine is that a party to an action cannot seek the aid and assistance of an appellate court while standing in an attitude of contempt to the legal orders and processes of the courts of this state." (*Id.* at p. 757.) The doctrine is most often applied in egregious cases where a party has repeatedly defied court orders. (See, e.g., *Gwartz*, at pp. 755–758 [judgment debtors repeatedly violated trial court's postjudgment order enjoining them from transferring or dissipating assets]; *Say & Say v. Castellano* (1994) 22 Cal.App.4th 88, 94 [several meritless appeals taken from non-appealable orders for purpose of delay by adjudicated contemnor].)

Plaintiffs argue for either "denial" or "outright dismissal" of the appeal because "it was Appellant's discovery abuse that resulted in the default and default judgment." Plaintiffs cite no authority, and we have found none, in which the disentitlement doctrine has been applied to preclude a defendant whose answer was stricken as a discovery sanction from challenging the

11

validity of a default judgment on jurisdictional grounds.  To the contrary, the California Supreme Court expressly held in *Greenup v. Rodman* (1986) 42 Cal.3d 822, 827–828 (*Greenup*) that a defendant whose answer was stricken as a discovery sanction has the right to ask that a default judgment entered in excess of jurisdiction be modified or vacated.  (See also, *Matera, supra,* 145 Cal.App.4th at 60.)  Accordingly, we decline to exercise our discretion to dismiss the appeal based on the disentitlement doctrine.

## II.  The Default Judgment Must Be Reversed

"It is well settled that a plaintiff may not take a default against a defendant without giving the defendant actual notice of the amount of damages claimed."  (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 430 (*Schwab*); *Dept. of Fair Employment & Housing v. Ottovich* (2014) 227 Cal.App.4th 706, 712 (*Ottovich*); *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1521.)  "The striking of a defendant's answer as a terminating sanction leads inexorably to the entry of default.  (§ 585, subds. (a), (b).)"  (*Matera, supra*, 145 Cal.App.4th at p. 62.)  "[A] default taken after the answer to a complaint is stricken as a discovery sanction is treated the same way as a default taken after the defendant fails to answer the complaint."  (*Ottovich*, at p. 712; *Greenup, supra*, 42 Cal.3d at pp. 824–829.)

" 'The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint. . . .  (§ 580, subd. (a).)  The only exceptions to section 580 are personal injury or wrongful death cases and cases requesting punitive damages.  (§§ 580, subd. (a), 425.11, 425.115.)' " (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23

Cal.App.5th 1013, 1018 (*Airs Aromatics*).) This case implicates section 580 and section 425.11, subdivision (c).[9]

"A default judgment is void . . . if the court granted relief which it had no power to grant including a default judgment which exceeds the amount demanded in the complaint." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830, fns. omitted.) The trial court may, on the motion of either party, set aside any void judgment or order. (§ 473, subd. (d).) "We review de novo the trial court's determination that a default judgment is or is not void." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752.)

### A. The Default Judgment is Void Because Defendants Were Not Served with a Statement of Personal Injury Damages Prior to Entry of Default

"Section 425.11 controls actions 'to recover damages for personal injury or wrongful death.' (*Id.*, subd. (b).)" (*Sass, supra*, 10 Cal.5th at p. 870.) The plaintiff must serve a statement of damages before a default may be taken, which specifies "the amount of special and general damages sought to be recovered." (§ 425.11, subd. (c); *Schwab, supra*, 53 Cal.3d at p. 434.) A default judgment cannot be upheld where a statement of damages was not served upon the defendant until after the default was entered. (*Schwab*, at p. 434; *Hamm v. Elkin* (1987) 196 Cal.App.3d 1343, 1346.)

Plaintiffs asserted in the trial court that section 425.11, subdivision (c) did not apply to their case. However, the prayer of the complaint demanded "[t]hat Defendants be ordered to pay to Plaintiffs general damages for personal injury, bodily injury, mental and emotional distress caused by Defendants' acts and omissions." The trial court awarded Twell general and special damages for personal injuries he suffered when he fell on the stairs,

---

[9] Because plaintiffs withdrew their request for punitive damages, we do not address the requirements of section 425.115.

13

as well as $24,000 in emotional distress damages for each plaintiff. Based on these undisputed facts, we find that plaintiffs were required to comply with section 425.11, subdivision (c). (*Schwab*, *supra*, 53 Cal.3d at p. 432.)

Plaintiffs contend that serving defendants with a statement of damages on July 30, 2019, more than one month after defendants' default was entered on June 24, 2019, comports with due process under the circumstances of this case. It does not.

"[D]ue process requires notice to defendants, whether they default by inaction or by wilful obstruction, of the potential consequences of a refusal to pursue their defense." (*Greenup*, *supra*, 42 Cal.3d at p. 829.) "A defendant who is denied adequate notice of the amount of the default judgment that may be entered against the defendant is effectively denied a fair hearing." (*Matera*, *supra*, 145 Cal.App.4th at 61; *Greenup*, at p. 826.) "A default judgment resulting from the denial of a fair hearing in this manner is void." (*Ibid*.) Because "[t]he failure of plaintiff to serve the statement of requested damages deprived defendant[s] of any actual notice of [their] potential liability; it thus cannot be said that the omission was harmless." (*Stevenson v. Turner* (1979) 94 Cal.App.3d 315, 320.)

## B. The Default Judgment is Void Because the Complaint Did Not Provide Defendants with Adequate Notice of the Non-personal Injury Damages

Cases interpreting section 580 consistently hold that "defaulting defendants should not be subject to damages in excess of an amount specifically set out in the complaint." (*Becker v. S.P.V. Construction* (1980) 27 Cal.3d 489, 494.) "[A]dequate notice of the judgment that may be assessed in default is 'a protection to which every defendant is entitled,' even those who 'deliberately thwarted [the opposing party's] discovery efforts.' " "[T]he notice afforded to a defendant must be 'formal notice of potential

liability,' which cannot be supplanted by 'actual notice.' " (*Sass*, *supra*, 10 Cal.5th at p. 873; citing *Greenup*, *supra*, 42 Cal.3d at pp. 826, 829.)

According to plaintiffs, defendants "had 'actual notice' of damages of at least $283,340 prior to entry of default[.]" This argument is unavailing for two reasons. First, "courts have set aside default judgments that award more damages than requested in the complaint even where a defendant had *actual notice* of the damages the plaintiff sought." (*Airs Aromatics*, *supra*, 23 Cal.App.5th at p. 1019.) Second, we do not agree that the complaint put defendants on notice that that they were potentially exposed to almost $300,000 in damages.

As to the first point, the cases construing section 580 are unequivocal that "actual notice" is not a substitute for stating the amount of damages in the complaint. For example, in *Airs Aromatics, supra,* 23 Cal.App.5th at pages 1016–1017, the trial court denied defendant's motion to set aside a default judgment of $3,016.802.90 on the ground that defendant had actual knowledge of plaintiff's damages: defendant had filed an answer, engaged in discovery, participated in a settlement conference where plaintiff demanded $5 million to settle all claims, and stipulated to withdraw its answer and allow plaintiff to enter its default. The decision was reversed on appeal because "[t]he only specific dollar amount in [plaintiff's] complaint refers to damages in excess of the $25,000 jurisdictional minimum." (*Id*. at p. 1024.) Additionally, "[s]everal cases have held that a statement of damages does not satisfy section 580 if the case does not involve personal injury or wrongful death." (*Airs Aromatics*, at p. 1019; *Electronic Funds Solutions v. Murphy* (2005) 134 Cal.App.4th 1161, 1176 (*Electronic Funds*); *Rodriguez v. Cho.*, *supra*, 236 Cal.App.4th at p. 755; *Dhawan v. Biring*, *supra*, 241 Cal.App.4th at pp. 969–970.) Based on the foregoing, plaintiffs' contention

15

that defendants received "actual notice" of the damages in this case by virtue of being served with case management statements or otherwise participating in the case before their default was taken fails.

We also reject plaintiffs' contention that the complaint put defendants on notice that damages of at least $283,340 could be awarded in this case. Plaintiffs' first, fourth, and fifth causes of action allege damages in excess of the jurisdictional minimum of $25,000. Such allegations have been deemed sufficient to place a defendant on notice of a potential $25,000 award for each cause of action. (*Greenup, supra,* 42 Cal.3d at p. 830; *Electronic Funds, supra,* 134 Cal.App.4th at p. 1177.) The fifth cause of action, in addition to the $25,000 jurisdictional minimum, seeks statutory penalties of $2,000 for an unspecified number of violations of Civil Code section 1940.2. The sixth cause of action seeks $100 to $5,000 for each violation of Civil Code section 1942.4, however, like the fifth cause of action, it also fails to specify the number of statutory violations.[10] The allegations of the fifth and sixth causes of action put defendants on notice that they could be assessed a penalty for one violation of each statute. It is impossible to determine the damages claimed on the eighth cause of action because the amount of plaintiffs' security deposit is not stated in the complaint. The causes of

---

[10] Based on *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 612–613, plaintiffs argue that defendants "knew of, or should have known they collected rent for 39 months, and therefore were exposed to potential liability for $5,000 x 39 months [$195,000]." *Finney* holds that parties to a partnership agreement, which outlined how to calculate the value of a withdrawing partner's interest, possessed the information necessary to calculate damages; it is clearly distinguishable from this case. Additionally, it is unclear if *Finney* is still good law based on the California Supreme Court's holding in *Sass, supra,* 10 Cal.5th at page 891 that "a plaintiff alleging an accounting action must plead a specific dollar amount to support a default judgment awarding monetary relief."

16

action which are not referenced above seek damages "according to proof." As we read the complaint, it puts defendants on notice that damages of up to $77,100 could be awarded against them.

Because the default judgment awarded damages of $351,373.86, well in excess of the damages alleged on the face of the complaint (§ 580), it is void. And because the default judgment is void, the trial court erred in denying Chang's motion to set it aside pursuant to section 473, subdivision (d). (*Air Aromatics*, *supra*, 23 Cal.App.5th at p. 1023; *Falahati v. Kondo*, *supra*, 127 Cal.App.4th at p. 831.)[11]

### C. Remedy

" 'Ordinarily when a judgment is vacated on the ground the damages awarded exceeded those pled, the appropriate action is to modify the judgment to the maximum warranted by the complaint.' " (*Julius Schifaugh IV consulting Services, Inc. v. Avaris Capital, Inc.* (2008) 164 Cal.App.4th 1393, 1396–1397.) "But recent cases hold that 'even where it is possible to modify a default judgment to a lesser amount warranted by the complaint, the court has discretion to instead vacate the underlying default and allow the plaintiff to amend the complaint and serve the amended complaint on the defendant.' " (*Air Aromatics*, *supra*, 23 Cal.App.5th at p. 1024; *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1529; *Julius Schifaugh IV Consulting Service, Inc.*, at pp. 1396, 1398.)

---

[11] Based upon our determination that the judgment was entered in excess of jurisdiction in violation of sections 425.11, subdivision (c) and 580, we do not reach the plaintiffs' arguments about Chang's motion for discretionary relief pursuant to section 473, subdivision (b), or defendants' argument in their opening brief that the trial court should have offered them additional assistance because they were self-represented.

We asked the parties for supplemental briefing on whether any portion of the judgment can be modified and preserved.  Defendants responded that *Greenup* and its progeny would support entry of a modified judgment, which defendants calculated as $75,100.  Plaintiffs argued that the award of $351,373.86 was not "grossly excessive in light of actual notice of damages." Plaintiffs' back-up position is that the complaint put defendants on notice of $283,340 in damages, a position we have rejected.

We conclude that we must vacate the default judgment and remand for further proceedings.  Vacating the default judgment will not vacate the default which was entered when defendants' answer was stricken as a discovery sanction.  (*Electronic Funds*, *supra*, 134 Cal.App.4th at p. 1177.) However, on remand, plaintiffs must decide whether to proceed with a new default prove-up hearing with a $77,100 damage limitation, or seek to amend their complaint to state the full amount of damages sought.  (*Airs Aromatics*, *supra*, 23 Cal.App.5th at p. 1025; *Electronic Funds*, at p. 1177.) "If [they] pursue[] the latter option, 'the default will be vacated, entitling defendants to either attack the pleadings, or answer the amended complaint.'  (*Ibid.*; see *Greenup*, *supra*, 42 Cal.3d at p. 830.)"  (*Airs Aromatics*, at p. 1025.)

## DISPOSITION

The order denying Chang's motion to set aside the default judgment pursuant to section 473, subdivision (d) is reversed, and the default judgment is vacated.

On remand, plaintiffs may elect whether to proceed with a new default prove-up hearing seeking up to $77,100 in damages, plus attorney's fees, if appropriate, or seek to amend their complaint.  Should plaintiffs file an

18

amended complaint, the trial court shall vacate the defendants' default, and defendants may attack the pleadings or answer the amended complaint.

Defendants shall recover costs on appeal.

_____
Mayfield, J.*


We concur:


_____
Stewart, Acting P.J.


_____
Miller, J.


*Phillips, Sr. et al. v. Wang et al.* (A162181)


&ast; Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

20