[No. B061855. Second Dist., Div. Four. June 1, 1993.]

DEBBIE S., Plaintiff and Appellant, v.
DAVID L. RAY, as Receiver, etc., Defendant and Respondent.

**COUNSEL**

Ollestad, Freedman & Taylor and Morse Taylor for Plaintiff and Appellant.

Saltzburg, Ray & Bergman and Eric F. Edmunds, Jr., for Defendant and Respondent.

**OPINION**

**EPSTEIN, J.**—Debbie S. obtained a judgment based on a theory of premises liability against United Mortgage, Inc. She appeals from the trial court's order granting a motion to vacate the judgment brought by David L. Ray, who was appointed receiver for United Mortgage after the judgment was entered. The trial court based its order on appellant's failure to serve a statement of damages required by Code of Civil Procedure section 425.11, and on the receiver's showing of entitlement to relief under Code of Civil Procedure section 473. (All further statutory references are to the Code of Civil Procedure.)

Appellant argues that United Mortgage had notice of the damages sought from pleadings filed prior to trial. She also argues that, because the case went to trial, she is not limited to the damages claimed in her complaint or during settlement negotiations. In addition, she challenges the receiver's showing of grounds for vacating the judgment under section 473. Appellant further argues that there is no showing that the trial court's allocation of damages was erroneous. Finally, she contends that the receiver invoked the wrong procedure to challenge the judgment. She asserts that he should have moved for a new trial under section 657, or to vacate the judgment under section 663, or appealed the judgment under section 904.1.

We conclude that the trial court properly vacated the judgment for failure to give the notice of damages required by section 425.11. We therefore need not, and do not, reach appellant's argument concerning the trial court's allocation of damages because the issue is moot.

### FACTUAL AND PROCEDURAL HISTORY

In July 1986, Debbie S. leased an apartment from United Mortgage. The apartment was in a building located on Rose Avenue in Long Beach. United Mortgage had acquired the building though foreclosure. Shortly after moving in, appellant was raped at knife point by an assailant who entered her apartment through an open window.

In November 1986, appellant filed a complaint for damages in the Los Angeles Superior Court against United Mortgage and Lisa Falk, the apartment manager. She alleged causes of action for negligence and fraud, based on a premises liability theory. Appellant alleged that United Mortgage and Lisa Falk knew of prior burglaries and thefts at the building, and that the apartment was located in a high crime area. Despite this knowledge, she claimed, the defendants failed to take adequate security precautions and falsely assured appellant that the apartment was safe. Appellant sought general damages, medical and incidental expenses, loss of earnings, special damages related to moving to a new residence, and exemplary damages according to proof.

United Mortgage and Ms. Falk retained counsel and answered the complaint, denying the allegations of fault and affirmatively alleging that appellant was negligent in leaving her window open and in failing to lock her front door. The parties completed extensive discovery, including numerous depositions. Appellant's offer of settlement for $175,000 pursuant to section

998 was rejected. At voluntary and mandatory settlement conferences, appellant made settlement demands of $250,000. These, too, were rejected. The case was set for trial on January 28, 1991.

In the meantime, United Mortgage was crumbling. David Golde, one of the attorneys for United Mortgage in the Debbie S. case, had no communications with Fred Falk after December 12, 1990. Mr. Falk had been the "contact person" on behalf of United Mortgage and had made all decisions for United Mortgage regarding the Debbie S. case. On January 21, 1991, Mr. Golde wrote to appellant's attorneys, informing them that "Fred Falk disappeared in late December 1990, and has not been heard from since." He advised appellant's attorneys that the Department of Real Estate was investigating Mr. Falk's business activities and that United Mortgage had "shut down." Golde concluded: "I literally have no client except for Lisa [Falk] and I am seeking to be relieved in that regard."

The trial of the Debbie S. case was called on January 28, 1991. Counsel for appellant appeared, but there was no appearance on behalf of United Mortgage or Lisa Falk. The clerk of the court telephoned counsel for the defendants to advise them that the case had been scheduled for trial on February 1, 1991. There was no appearance on behalf of the defendants on February 1, 1991.

There is a dispute about the nature of the proceedings on February 1st. Appellant's attorney declared that "[t]he case was heard as an uncontested matter. In no way could this matter be considered as a default regardless of what language was used by the clerk of Court in making docket entries, minute orders and the like." The receiver's attorneys characterize the proceeding as a default prove-up based on notations in the register of actions which state that the matter was transferred to another department for treatment as a default and that a default was heard on February 1, 1991. The appellate record does not contain the minute orders for January 28, 1991, or February 1, 1991, or a reporter's transcript of either proceeding.

The February 6, 1991, judgment states that no appearance was made by defendants, that appellant waived jury trial, that Ms. Falk was dismissed as a defendant, and that the trial court "heard and considered testimony and commentary evidence submitted by Plaintiff against United Mortgage, Inc." Appellant was awarded a total of $1 million in compensatory damages plus interest and her costs of suit.

Two days later David L. Ray was appointed receiver of United Mortgage. According to Mr. Ray, the activities of United Mortgage and its president

and sole shareholder, Mr. Falk, "were permeated by fraud and embezzlement against hundreds of innocent investors, many of whom are elderly and stand to see their life savings wiped out."

The Debbie S. case was stayed by the receivership court while the receiver conducted an investigation of pending litigation. The receiver's motion to transfer the case to the writs and receivers department of the Central District of the Los Angeles Superior Court was granted.[1]

The receiver moved to vacate the judgment on the ground that appellant failed to file a statement of damages 60 days before trial as required by section 425.11. Alternatively, he argued that the judgment should be set aside on the bases of inadvertence, surprise and excusable neglect under section 473. Mr. Ray argued that surprise was established because appellant had not indicated that she claimed damages in the amount of $1 million. Mr. Ray also contended that the judgment was the result of inadvertence or excusable neglect because United Mortgage was in disarray and on the verge of receivership at the time the judgment was entered.

Appellant opposed the motion on the same grounds she raises on appeal. The trial court granted the motion to vacate the judgment. Its minute order reflects the trial court's ruling that "plaintiff . . . did not comply with CCP 425.11, which . . . requires that if defendant has answered the plaintiff must give specific notice of the amount of special and general damages sought to be recovered (*Schwab* vs. *Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 435 [280 Cal.Rptr. 83, 808 P.2d 226]) at least 60 days before the date set for trial. [¶] 2. The proper remedy for violation of CCP 425.11 is to vacate and set aside the judgment." In addition, the trial court found merit in Mr. Ray's request for relief under section 473. Appellant filed a timely notice of appeal.

## DISCUSSION

Section 425.11 provides in pertinent part: "If no request is made for . . . a statement setting forth the nature and amount of damages being sought, the plaintiff shall give notice to the defendant of the amount of special and general damages sought to be recovered (1) before a default may be taken; or

---

[1]Respondent requested that we take judicial notice of the claim submitted by appellant in the United Mortgage receivership. We deferred our ruling on the request until the cause was submitted. We now deny the request as the document is irrelevant to the dispositive issue in the appeal.

(2) in the event an answer is filed, at least 60 days prior to date set for the trial."

■ We first dispose of appellant's contention that respondent invoked the wrong procedure to obtain review of the judgment. She argues that he should have sought a new trial under section 657, moved to set aside the judgment under section 663, or appealed from the judgment. We disagree. While the other courses suggested by appellant are available, a party may move to vacate a judgment for failure to comply with section 425.11. (See *Schwab* v. *Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 431, 435 [280 Cal.Rptr. 83, 808 P.2d 226].)

Section 425.11 was added as part of a tort reform package enacted in 1974. Section 425.10 was amended that year to provide that a plaintiff who seeks damages for personal injury or wrongful death may not state the amount of damages sought in the complaint. "The purpose of the 1974 amendment to section 425.10 was 'to protect the defendants from adverse publicity resulting from inflated demands, particularly in medical malpractice cases.' [Citation.] Simultaneously, section 425.11 was added, requiring in pertinent part that plaintiffs in personal injury and wrongful death cases 'give notice to the defendant of the amount of special and general damages sought to be recovered . . . before a default may be taken.' " (*Schwab* v. *Rondel Homes, Inc.*, supra, 53 Cal.3d at pp. 431-432, fn. omitted.)

In *Schwab* v. *Rondel Homes, Inc.*, supra, the Supreme Court held that in enacting section 425.11, the Legislature intended "that a defendant be given actual notice of the special and general damages claimed by the plaintiff." (53 Cal.3d at p. 435.) In *Schwab*, the complaint prayed for damages for mental and emotional distress and for " 'further monetary and pecuniary losses and damages' in amounts according to proof, treble statutory damages also in amounts according to proof 'but in a sum no less than $250,' attorney fees, and punitive damages of $500,000." The court held that this was not sufficient to give the notice required under section 425.11. (53 Cal.3d at p. 430.)

As the *Schwab* court observed, in enacting section 425.11, the Legislature intended to give the defendant a right to a last wake-up call before trial regarding the damages claimed by the plaintiff. We need not and do not determine the minimum contents of a statement of damages under section 425.11. We limit our decision to an examination of the record before us.

■ Here, appellant's complaint sought damages "according to proof." Respondent received no notice of the damages sought by appellant from the

complaint. Nor did the various settlement demands made by appellant throughout the litigation satisfy the requirement of section 425.11 that the defendant receive actual notice of the general and special damages sought.

The documents served and filed by appellant have a different function than that contemplated in section $425.11. The at-issue memorandum is designed to assist the trial court in determining whether the case is properly in the superior court and in assessing the magnitude of the case. The function of settlement negotiations between counsel is, of course, to facilitate settlement on an agreed upon figure, rather than to fix the potential judgment to be awarded at trial.[2]

Appellant asserts that her counsel "indicated early in the litigation" that she was seeking an amount in the $1 million range in light of a jury award in an unrelated matter. In support of this argument, she cites a declaration by her attorney filed in opposition to the motion to vacate the judgment in which he states: "Defendant's lawyers maintain in their declarations that I never made a demand for $1,000,000. It is true that all the demands were for settlement purposes, however, I stated on numerous occasions to Defendant's lawyers that if the case did not settle I believed that the value before a jury would be in the million dollar range." The attorneys for United Mortgage filed declarations in support of the motion to vacate disputing this account.

An "indication" of the value of a case made in the course of settlement discussions between counsel for the parties is not the actual notice of special and general damages required by section 425.11, as interpreted by the Supreme Court in *Schwab* v. *Rondel Homes, Inc., supra*, 53 Cal.3d at page 435.

As we have seen, section 425.11 expressly requires notice of damages 60 days prior to trial where the defendant has filed an answer, but has not requested a statement of damages. Appellant's construction of the statute would render this provision meaningless. Absent a compelling showing from the language or context of the statute, or from its legislative history, that is not an appropriate construction of a statute. The legislative purpose behind the statutory requirement is evident: it is to give the defendant a specific notice of damages sought that is separate and apart from the existing mechanisms of settlement conference statements and the at-issue memorandum. "We do not presume that the Legislature performs idle acts, nor do we

[2]We recognize that there is a wide variety of intermediate settlements, such as "mini/maxi" agreements setting outside figures (usually in the context of arbitrations), "Mary Carter" arrangements (see *Booth* v. *Mary Carter Paint Company* (Fla.Dist.Ct.App. 1967) 202 So.2d 8), and others.

construe statutory provisions so as to render them superfluous. [Citations.]" (*Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 22 [276 Cal.Rptr. 303, 801 P.2d 1054].)

Appellant cites *Damele* v. *Mack Trucks, Inc.* (1990) 219 Cal.App.3d 29 [267 Cal.Rptr. 197], the only reported case discussing section 425.11 in circumstances other than a default. He relies on language in that decision to the effect that the purpose of the statute is to "insure that the damage portion of the prayer, which had to be omitted under section 425.10, subdivision (b), is supplied at some point before trial. . . ." (219 Cal.App.3d at p. 42.) We agree with this general analysis of the legislative intent. But the decision in *Damele* does not address whether a plaintiff may satisfy section 425.11 through a settlement statement or the at-issue memorandum. In *Damele*, a statement of damages under section 425.11 was filed, claiming general damages of $400,000. The issue in the case was whether the general damages awarded at trial must be limited to the amount sought in the statement of damages pursuant to section 425.11. (219 Cal.App.3d at p. 38.) The *Damele* court looked to section 580, which provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the Court may grant him any relief consistent with the case made by the complaint and embraced within the issue." (219 Cal.App.3d at p. 39.) Based on this general rule, the court concluded that "although a plaintiff is limited by his section 425.11 statement of damages when a default is taken [citation], he is not so limited when an answer is filed and the case proceeds to trial [citations]." (*Id.* at p. 41.)

In our view, this is a correct analysis of the law. It is not contrary to the conclusion we reach in this case. The problem here is not that the judgment exceeds the amount stated in the statutory notice of damages, but that there was no notice of damages. The trial court properly vacated the judgment for failure to give respondent notice of the damages sought.[3] Appellant also argues that the trial court's allocation of damages was not inappropriate. In light of our disposition, the issue is moot and we need not address it.

---

[3]Because of the conclusion we have reached with respect to the section 425.11 issue, we need not discuss the section 473 claim in detail. We will simply note that the failure of defense counsel to appear, despite repeated notifications and without any substantial reason or intervening exigency, hardly measures up to the kind of "mistake, inadvertence, surprise, or excusable neglect" required by the statute. Had defense counsel appeared and, without objection to the absence of a notice of damages, presented a defense, the defect of the omission might well have been waived. That fact suggests that a defendant who does not appear at all may have a better result than one who does. That is a disturbing anomaly and one the Legislature may wish to address. It does not lie with this court, however, to read a legislative command as being without meaning—something we would have to do if appellant were to prevail under the facts presented in this case.

## DISPOSITION

The order vacating the judgment is affirmed. Each party is to bear its costs on appeal.

Woods (A. M.), P. J., and Soven, J.,* concurred.

A petition for a rehearing was denied June 21, 1993, and appellant's petition for review by the Supreme Court was denied September 16, 1993.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.