[No. G016554. Fourth Dist., Div. Three. Sept. 3, 1997.]

JENNELYN ARGAME, Plaintiff and Appellant, v.
SOMCHAI WERASOPHON et al., Defendants and Respondents.

**COUNSEL**

Phyllis M. Gallagher for Plaintiff and Appellant.

O'Malley & Moore, Darrell K. Moore, O'Flaherty & Belgum and Ernest C. Chen for Defendants and Respondents.

**OPINION**

**SILLS, P. J.**—Jennelyn Argame was a nurse at a medical center. In her complaint for sex discrimination, constructive discharge, assault and battery, and other causes of action, she alleges Dr. Somchai Werasophon, a staff physician at the center, subjected her to unwanted touching and verbal abuse. The complaint, as required by Code of Civil Procedure section 425.10, subdivision (b), did not state the amount of damages being demanded.

Pursuant to Code of Civil Procedure section 425.11, subdivision (b), the center and Dr. Werasophon served Argame with three different requests for

a statement of damages, but she never responded.[1] At trial, each defendant made a motion *in limine* to exclude evidence of damages because of Argame's failure to serve a responsive statement. Argame's attorney conceded she had not responded, but explained it was her standard practice to ignore those requests because, "I'm not . . . really good at evaluating the value of cases. And it's always uncomfortable for me to come up with a dollar amount." The court granted the motions. Since she was now prevented by those rulings from seeking anything but nominal damages, Argame stipulated to entry of judgment in order to facilitate an appeal as to their correctness.[2]

■   Where a plaintiff who was properly served with a request for statement of damages fails or refuses to serve a responsive statement, Code of Civil Procedure section 425.11, subdivision (b) provides that the defendant may petition the court for an order that the plaintiff serve one. (See also Weil & Brown, Cal. Practice Guide: Civil Proc. Before Trial (The Rutter Group 1997) ¶ 8:1763, p. 8K-2.) Because the statute provides these defendants with a specific remedy, they must pursue it first before seeking any other relief which might be appropriate. Having elected not to make a motion to compel, defendants waived their right at trial to exclude evidence of damages.[3]

As a fallback argument, the center and Dr. Werasophon assert Argame had a separate duty to serve a responsive statement pursuant to Code of Civil Procedure section 425.11, subdivision (c). But that subdivision begins: "*If no request is made* for the statement referred to in subdivision (a), the plaintiff shall serve the statement . . . ." (Italics added.) Since a request for statement of damages was served here, subdivision (c) is inapplicable. (Cf. *Debbie S. v. Ray* (1993) 16 Cal.App.4th 193, 199 [19 Cal.Rptr.2d 814] [this

---

[1]The requests were made in 1994 when service of a request for a statement of damages was authorized under subdivision (a) of section 425.11 of the Code of Civil Procedure. That subdivision was relettered the following year as subdivision (b). (Stats. 1995, ch. 796, § 2.) Because the 1995 amendment made no substantive changes to that subdivision, for the sake of clarity and convenience we refer in the text of this opinion to the present version of section 425.11.

[2]This stipulation does not raise the procedural problems we addressed in *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115 [61 Cal.Rptr.2d 370].

[3]Obviously, defendants should not have been placed in a position where they were obligated to make a motion to obtain information to which they were lawfully entitled. Considering counsel's disregard for the requirements of Code of Civil Procedure section 425.11 displayed here, the court would have been justified in requiring Argame (or more appropriately her counsel) to reimburse defendants for costs incurred in making such a motion.

subdivision applies where defendant has answered and not requested a statement of damages].)[4]

The judgment is reversed. Argame shall recover her costs on appeal.

Wallin, J., and Rylaarsdam, J., concurred.

[4]The hospital argues Argame had an independent statutory duty to submit a statement of damages 60 days prior to trial pursuant to the 1994 version of Code of Civil Procedure section 425.11. At that time, then subdivision (b) (now subdivision (c)) provided: "If no request is made for the statement referred to in subdivision (a), the plaintiff shall serve the statement on the defendant (1) before a default may be taken; or (2) in the event an answer is filed, at least 60 days prior to date set for the trial." Like the present version of that subdivision, the requirement that a plaintiff serve a statement 60 days prior to trial was applicable only if no request had been served. Since a request was served here, Argame had no additional duty to serve a statement of damages under that subdivision.