Filed 7/11/14  Schneider Nat. v. Ellis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCHNEIDER NATIONAL, INC., et al., | |
| Plaintiffs and Respondents, | G049501 |
| v. | (Super. Ct. No. CIVDS906308) |
| WALTER L. ELLIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of San Bernardino County, John M. Pacheco, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part; reversed in part and remanded with directions.

Walter L. Ellis, in pro. per., for Defendant and Appellant.

Law Offices of Tharpe & Howell, David S. Binder and Eric Kunkel for Plaintiffs and Respondents.

Walter L. Ellis appeals from the order denying his motion to vacate default judgments obtained against him by his former employer, Schneider National, Inc., and Schneider National Carriers, Inc. (collectively Schneider) and one of Schneider's employees, Jeff Ames. Schneider sued Ellis for libel arising from inflammatory Internet postings made by Ellis after Schneider fired him. Ames sued for unlawful recording of two telephone conversations. Ellis represented himself in the litigation. The default judgments were obtained after Ellis's answer was stricken as a discovery sanction. The default judgment obtained by Schneider on its libel cause of action awards Schneider $130,000 in compensatory damages and $560,000 in punitive damages, in addition to granting injunctive relief. The default judgment in favor of Ames awarded him a statutory civil penalty of $10,000, and granted him injunctive relief as well.

On appeal, Ellis contends the trial court abused its discretion by denying his Code of Civil Procedure section 473, subdivision (b),[1] motion for relief. We conclude that although the trial court did not abuse its discretion, to the extent the default judgment in favor of Schneider awards it compensatory and punitive damages, the judgment violated Ellis's due process rights and is void on its face because the complaint did not specify any amount of compensatory damages sought (only pleading damages according to proof), and Schneider's service of a statement of damages did not comply with section 580's notice requirements. Accordingly, we reverse the order denying the motion to vacate the default judgment in favor of Schneider and direct the trial court to modify that judgment to strike the award of compensatory and punitive damages on its libel cause of action. We otherwise reject Ellis's contentions on appeal and affirm the order as it affects the default judgment in favor of Ames.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

2

FACTS & PROCEDURE

*The Complaint*

On April 30, 2009, Schneider and Ames filed a complaint against Ellis alleging causes of action on behalf of Schneider for libel and service mark infringement, and a cause of action on behalf of Ames (who was employed by Schneider as a "Driver Business Leader") for unlawful recording of telephone communications. The libel cause of action alleged Ellis had been employed by Schneider as a truck driver but was fired in January 2009. Schneider alleged that commencing at the end of January 2009, Ellis began posting "scurrilous written material on the [I]nternet" falsely accusing Schneider and its employees of all sorts of nefarious conduct including "falsely imprisoning Ellis; intentionally assaulting and battering Ellis; and, wrongfully discharging Ellis." (Original capitalization omitted.) He posted an article on the Internet titled "Schneider's Unlawful Imprisonment of Blacks." Ellis also placed Internet postings accusing Schneider of violating safety laws and employing selective pay practices. He accused Schneider of receiving government subsidies to train truck drivers but then not providing that training and thus defrauding the taxpayers. Ellis placed Internet postings accusing the Fontana Police Department of conspiring with Schneider to deprive African Americans of their constitutional rights, and of pressuring Ellis and other employees to comply with Schneider's illegal policies. The service mark infringement cause of action alleged Schneider had a registered service mark and logo, which Ellis wrongfully used and published on his Internet posts. The unlawful recording cause of action alleged that on two occasions in January 2009, Ellis recorded confidential telephone conversations with Ames regarding work-related matters without Ames's permission. It alleged Ames was entitled under Penal Code section 637.2, subdivision (a)(1), to statutory damages of $5,000 for each recording.

The complaint prayed for relief as follows: On the libel cause of action, Schneider sought general and special damages "according to proof," punitive damages,

3

and injunctive relief enjoining Ellis from publishing false and defamatory statements about Schneider and directing him to remove all defamatory materials posted on the Internet.  On the service mark infringement cause of action, Schneider sought injunctive relief prohibiting Ellis from using the name "'Schneider'" in his Internet postings or infringing on Schneider's service mark.  It also sought disgorgement of any profits Ellis derived from infringing on Schneider's service mark, treble Schneider's actual damages for the infringement, and attorney fees.  On the unlawful recording cause of action, the complaint sought injunctive relief enjoining Ellis from recording conversations without Ames's consent or transmitting or posting any such conversations on the Internet and requiring Ellis to destroy any prohibited recordings.  It also sought statutory penalties and attorney fees.

On June 3, 2009, Ellis representing himself in propria persona filed an answer to the complaint, and Schneider and Ames's fruitless efforts at obtaining discovery from Ellis began.  (For convenience hereafter in this opinion we will generally refer to Schneider and Ames collectively and in the singular as Schneider, unless the context indicates otherwise.)  In late December 2009, Schneider began filing discovery motions.  Although Ellis did not comply with discovery requests, and frequently failed to appear at hearings on motions filed by Schneider, during this time he pursued several motions of his own.  For example, in February 2010, while discovery was ongoing, Ellis filed a motion for judgment on the pleadings, which was denied as to the libel and unlawful recording causes of action, but granted without leave to amend as to the service mark infringement cause of action.  He also filed an unsuccessful motion to stay this action because of other pending litigation in which he was involved.  He filed a section 170.6 peremptory challenge to the trial judge that was unsuccessful because it was untimely.  And he filed an unsuccessful anti-SLAPP motion.

On March 16, 2010, the trial court granted eight discovery motions filed by Schneider and ordered Ellis to pay total sanctions of $2,400.  Ellis did not appear at the

4

hearing. On April 28, 2010, the trial court granted Schneider's motion to compel Ellis's attendance at his deposition set for May 18. Ellis did not appear at the hearing, calling in to the court stating he was ill. On May 18, the court issued a preliminary injunction enjoining Ellis from communicating with Schneider's employees, entering on Schneider's property, or making unauthorized recordings of court proceedings.

Ellis did not appear at his deposition as ordered, claiming he was ill. On June 18, 2010, Schneider filed an ex parte application, set for hearing on June 21, for an order imposing further monetary sanctions and terminating sanctions against Ellis due to his failure to appear at his deposition and his failure to comply with the court's prior discovery orders. On the same date, Schneider filed seven separate motions each seeking further monetary and terminating sanctions for Ellis's refusal to comply with the prior discovery orders. Ellis did not appear at the June 21 hearing, again calling in to the court stating that he was ill. The court granted Schneider's ex parte request to shorten time for hearing on the discovery motions and set the hearing for July 13, 2010. It ordered Ellis to provide proof regarding his representations he had a medical condition that prevented him from appearing at his deposition.

Ellis did not appear at the July 13, 2010, hearing, and at that hearing, the trial court ordered his answer stricken. The court signed and entered orders prepared by Schneider stating Ellis's answer was stricken and "[a] default judgment is hereby entered against . . . [Ellis]." The court ordered additional monetary discovery sanctions against Ellis. On October 26, 2010, Schneider filed a request for entry of default and request for court judgment against Ellis, stating it was seeking general damages of $150,277, and the court clerk entered a default on that date.

On November 3, 2010, the trial court found Ellis in contempt because he was not complying with the May 2010 preliminary injunction. It sentenced him to five days in jail, stayed the sentence, and ordered summary probation.

5

On December 15, 2010, Schneider filed its default prove-up packet. The default package included a statement of damages filed with the court on December 15. The statement of damages stated Ames was seeking $10,000 in statutory damages, and Schneider was seeking $130,000 in general damages, and $560,000 in punitive damages, for defamation. The statement of damages was accompanied by a proof of service indicating it was served by mailing to Ellis on October 22, 2010. The trial court set a default prove-up hearing for August 5, 2011.

On August 5, 2011, the court entered two separate judgments. The first judgment was for Schneider (hereafter the Schneider judgment). It awarded Schneider its requested $130,000 in compensatory damages and $560,000 in punitive damages, plus $10,277 for previously ordered but unpaid sanctions, and $1,268 in costs. The Schneider judgment also granted a permanent injunction enjoining Ellis from further publishing specified articles and requiring him to remove those articles from the Internet, and enjoining Ellis from communicating with Schneider's employees, entering Schneider's property or making unauthorized recordings of Schneider's employees. The second judgment in favor of Ames (the Ames judgment) awarded him the statutory civil penalty of $10,000 pursuant to Penal Code section 637.2, and permanently enjoined Ellis from making unauthorized recordings of Ames or any other Schneider employee. Notice of entry of judgments was served on Ellis on August 11, 2011.

On September 27, 2011, Schneider filed another motion for an order to show cause (OSC) re contempt because Ellis had not yet removed the defamatory material from his Internet Web site. An OSC re contempt was issued and Ellis was ordered to appear for criminal arraignment. On December 27, 2011, the court issued a second contempt order directing Ellis to remove the defamatory material from the Internet.

6

*Motion to Set Aside Default*

On December 12, 2011, Ellis filed a motion to vacate the default judgments entered on August 5, 2011, under section 473, subdivision (b), due to his excusable neglect and surprise. He also asserted the default judgments should be set aside due to fraud. Ellis asserted his medical condition (anxiety, depression, and hypertension) caused him to be negligent in promptly responding to Schneider's discovery requests. His motion included almost 100 pages of medical records from the Veterans Affairs (VA) Medical Center where now 73-year-old Ellis received medical care. The records detailed his extensive medical complaints and medications. Hi motion included a letter dated January 21, 2010, from a VA staff psychiatrist explaining Ellis was being treated for a panic disorder and he would experience increased anxiety under any kind of stress and might not be able to properly represent himself in a stressful situation. Ellis also asserted he was "surprised" by having been sued in the first place. And he asserted Schneider had falsely represented to the court it was in compliance with state and federal law and Ellis had harmed Schneider's reputation, which constituted as fraud requiring the default judgments be set aside. Ellis asserted he had now received treatment for his medical condition, and gotten over the shock of being sued by his former employer, and was ready to defend himself in the litigation.

Schneider opposed the motion arguing: Ellis was not entitled to discretionary relief because he had not demonstrated any excusable neglect or surprise; He was not entitled to mandatory relief because he was a pro. per. litigant; The motion was untimely because it was not brought in a reasonable time; and Ellis had not demonstrated any fraud.

On January 10, 2012, the trial court denied Ellis's motion to set aside the default judgments. The court found it lacked jurisdiction to grant the motion because the motion was filed more than six months after the default was entered and Ellis had

7

knowledge of the entry of default. The court further found the motion would fail on its merits as well because Ellis had not demonstrated excusable neglect, surprise, or fraud.

*Appeal*

On January 17, 2012, Ellis filed his notice of appeal. He purported to appeal from not only the January 10, 2012, order denying his motion to vacate the default judgments, but also from numerous earlier orders including the OSC re contempt, the order denying his section 170.6 peremptory challenge, and the order denying his motion for judgment on the pleadings. As it relates to the default judgments, Ellis also purported to appeal from the July 13, 2010, order striking his answer to the complaint, the October 26, 2010, entry of default, and the August 5, 2011, default judgments. On September 17, 2012, this court granted Schneider's motion to dismiss the appeal as to all judgments and orders except the January 10, 2012, order denying Ellis's motion to vacate the default judgments.

PENDING MOTIONS

*1. Ellis's Request for Judicial Notice*

On October 12, 2012, Ellis filed a request for judicial notice of court records in other proceedings. They include pleadings and other documents pertaining to a federal court action asserting wage and hour claims against Schneider, and the complaints in two state court actions filed by other plaintiffs against Schneider claiming discrimination. The request for judicial notice was filed in conjunction with a request by Ellis to stay this appeal until resolution of those other actions. This court denied Ellis's request for a stay and to the extent his request for judicial notice pertained to the appeal, reserved ruling on the request for judicial notice.

In his opening brief, Ellis in passing renews his request for judicial notice of the documents. His brief, however, is devoid of any explanation as to how any of them bear on any of the issues in this appeal. Accordingly, his request for judicial notice is denied.

8

*2. Schneider's Request for Judicial Notice*

On January 25, 2013, Schneider filed a request for judicial notice of several documents including: a print out of the docket in a federal court action against Central Refrigerated Systems Inc. in which Ellis is a plaintiff; a labor claim filed by Ellis and other former Schneider employees; a notice that Ellis intervened in another federal court action; and printouts of e-mails dated May 6, 2010. This court reserved ruling on Schneider's request for judicial notice.

In its respondent's brief, Schneider asserts these documents are relevant to demonstrate Ellis was actively litigating other matters during the same time he feigned an inability to respond to discovery in this case. We deny Schneider's request for judicial notice in its entirety because none of the proffered evidence was before the trial court when it issued the rulings that are the subject of this appeal. "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' [Citation.] No exceptional circumstances exist that would justify deviating from that rule, either by taking judicial notice or exercising the power to take evidence under Code of Civil Procedure section 909. [Citations.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

DISCUSSION

Ellis makes three arguments on this appeal from the order denying his motion to set aside the default judgments against him. One has significant merit—to the extent the default judgment in favor of Schneider (i.e., the Schneider judgment) awards Schneider compensatory and punitive damages on its libel cause of action, the judgment is void as a violation of Ellis's due process rights because he was not given notice of the amount of the claimed damages before his default was taken. Ellis also contends the trial court erred by denying his motion for discretionary relief from the default judgments

9

under section 437, subdivision (b), for two reasons—he demonstrated excusable neglect and his motion was timely filed.  To the extent those arguments affect the other parts of the Schneider judgment or the Ames judgment, we address and reject Ellis's contentions.

*1.  The Default Judgment's Award of Compensatory and Punitive Damages to Schneider is Void as in Excess of the Trial Court's Jurisdiction*

Ellis contends the default judgments are void because the complaint did not plead the amount of damages sought, and it was not amended before his default was taken, thus violating his due process rights.  Schneider responds that any notice requirements were satisfied by service of a statement of damages on Ellis stating the amount of compensatory and punitive damages it sought on its libel cause of action.  We conclude the award of compensatory and punitive damages to Schneider in the Schneider judgment violated Ellis's due process rights because a statement of damages does not satisfy section 580's notice requirements in a non-personal injury/wrongful death action.  Moreover, the statement of damages served long after the defaulting event—the court's order striking Ellis's answer as a discovery sanction and ordering a default judgment be entered against him—and not served until a couple days before the court clerk formally entered default did not satisfy section 580's notice requirements.

*a.  Legal Principles*

"'It is fundamental to the concept of due process that a defendant be given notice of the existence of a lawsuit and notice of the specific relief which is sought in the complaint served upon him.  The logic underlying this principle is simple:  a defendant who has been served with a lawsuit has the right, in view of the relief which the complainant is seeking from him, to decide not to appear and defend.  However, a defendant is not in a position to make such a decision if he or she has not been given full notice.'  [Citation.]"  (*Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1520 (*Van Sickle*).)

10

"To effectuate this due process principle, California law provides that where a plaintiff seeks to recover money or damages, *the amount sought generally must be stated in the complaint.* (§ 425.10, subd. (a)(2).)" (*Van Sickle*, *supra*, 196 Cal.App.4th at p. 1520, italics added.) An exception applies where a complaint seeks damages for personal injury or wrongful death, or seeks punitive damages. (§§ 425.11, 425.115; *Van Sickle*, *supra*, 196 Cal.App.4th at p. 1521; *Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1320 (*Schwab*).) In these cases, the plaintiff must provide this information by serving a separate written statement of damages described in section 425.11 (compensatory damages) and section 425.115 (punitive damages). (*Van Sickle*, *supra*, 196 Cal.App.4th at pp. 1520-1521.) "Sections 425.11 and 425.115 provide methods for satisfying the due process requirement of notice while honoring the bar against pleading a specific amount of damages in the [specified circumstances]." (*Id*. at p. 1521.)

Consistent with these principles, the Legislature has provided that a default judgment "cannot exceed that demanded in the complaint, in the statement required by [s]ection 425.11, or in the statement provided for by [s]ection 425.115." (§§ 580, 585, subds. (a), (b).) Sections 580 and 585 embody the due process requirement of reasonable notice, and "a default judgment greater than the amount specifically demanded is void as beyond the [trial] court's jurisdiction." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 (*Greenup*); *Van Sickle*, *supra*, 196 Cal.App.4th at p. 1521.) Moreover, an entry of default is void if a required statement of damages was not served on the defendant *before* the default was taken. (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 435; *Van Sickle*, *supra*, 196 Cal.App.4th at p. 1521; *Schwab, supra,* 114 Cal.App.4th at p. 1320; *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 60-62 (*Matera*).)

Although the Legislature did not establish a "'hard and fast rule regarding the precise . . . timing of the service of the section 425.11 statement of damages,'" the courts require the notice must be served "*a reasonable period* of time before default may

11

be entered." (*Schwab*, *supra*, 114 Cal.App.4th at p. 1322, fn. omitted.)  The key factor in determining whether proper notice has been given is whether the defendant had sufficient notice of the amount of claimed damages to permit a reasoned decision whether to take actions to respond to the claims.

These due process principles apply equally whether the default results from the failure to answer or from a discovery terminating sanction, as is the case here. (*Greenup, supra,* 42 Cal.3d at pp. 827-829; *Van Sickle*, *supra*, 196 Cal.App.4th at p. 1521; *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1175; *Schwab v. Southern California Gas Co., supra,* 114 Cal.App.4th at p. 1320; *Morgan v. Southern Cal. Rapid Transit Dist.* (1987) 192 Cal.App.3d 976, 986, disapproved on another point in *Schwab v. Rondel Homes, Inc., supra,* 53 Cal.3d at p. 434.)  The California Supreme Court held in *Greenup*, *supra*, 42 Cal.3d at pages 827-829, a defendant has a due process right to receive prior notice of the maximum amount of liability even where the default is the result of willful discovery abuses.  Even "obstreperous" defendants "guilty of reprehensible conduct" are entitled to the due process protection of formal notice of their liability exposure in the event of a default. (*Id*. at p. 829.)  "Such notice enables a defendant to exercise his right to choose--at any point before trial, even after discovery has begun--between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability." (*Ibid*.; see *Matera, supra,* 145 Cal.App.4th at p. 60.)

Because here the material facts pertaining to notice are undisputed, the issue of whether the "default judgment complied with constitutional and statutory requirements are questions of law as to which we exercise independent review." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828, fn. omitted.)  And because it goes to the trial court's jurisdiction, the claim a defendant was not given timely notice of the damages he faced *before* entry of default and default judgment can be raised for the first

12

time on appeal. (*Simke, Chodos, Silberfeld & Anteau, Inc. v. Athans* (2011) 195 Cal.App.4th 1275, 1286 ["[a] default judgment that violates section 580 is void; it can be challenged and set aside at any time"]; see also *Matera, supra*, 145 Cal.App.4th at p. 59; *National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 417.)

*b. Service of a Statement of Damages Cannot Substitute for an Amended Complaint in a Non–Personal Injury/Wrongful Death Case*

The complaint did not specify any amount of compensatory damages Schneider sought from Ellis on its libel cause of action, instead pleading general and special damages "according to proof." In seeking a default and default judgment, Schneider sought to satisfy section 580's notice requirements by serving a statement of damages pursuant to section 425.11, specifying the amount of compensatory damages it claimed. Citing this court's opinion in *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1178 (*Electronic Funds*), we invited the parties to file supplemental letter briefs addressing the following issue, "Was the statement of damages insufficient to satisfy . . . section 580's notice requirements, rendering void the judgment awarding compensatory damages on Schneider's libel cause of action, because this was not a personal injury or wrongful death action?" Ellis's supplemental brief repeats the argument made in his opening brief—because the complaint did not plead the compensatory damages sought, the judgment is void. Schneider's supplemental brief argues the statement of damages satisfied section 425.115's requirements for a statement of *punitive* damages, which fundamentally skirts the issue upon which we requested briefing.

Serving a statement of damages in lieu of pleading the *compensatory* damages sought in a complaint does not satisfy section 580's notice requirements with regards to Schneider's compensatory damages claim because a libel action brought by a corporation is not a personal injury or wrongful death action. (See *Roemer v. C.I.R.*

13

(9th Cir. 1983) 716 F.2d 693, 699, fn. 4 ["Although a corporation may sue for certain types of defamation, a corporation by its very nature cannot suffer a personal injury"].)

*Electronic Funds, supra,* 134 Cal.App.4th 1161, is directly on point. In that case, plaintiffs' complaint alleged various non-personal injury/wrongful death causes of action and sought compensatory damages "'in an amount in excess of $50,000 and according to proof.'" (*Id.* at p. 1168.) A default judgment entered after defendants' answer was struck as a discovery sanction awarded plaintiffs over $8 million in compensatory damages based on a statement of damages. We reversed agreeing with defendants "the statement of damages served under section 425.11 did not provide effective notice that plaintiffs sought compensatory damages in excess of that pleaded in the complaint because section 425.11 applies only to personal injury or wrongful death actions." (*Electronic Funds, supra,* 134 Cal.App.4th at p. 1176.) "'"[T]he [trial] court's jurisdiction to render default judgments can be *exercised only in the way authorized by statute*." [Citation.] . . . "'[C]ertainly no statutory method of procedure or limitation on power could be more clearly expressed than that set forth in section 580 . . . ." [Citation.]' [Citation.] Accordingly, default judgments rendered in violation of section 580 are void. [Citation.] In this vein, courts have held that due process requires not only actual notice of the damages being sought, but 'formal notice.' [Citation.] As one court observed: 'Section 580 constitutes a statutory expression of the mandates of due process, which require "formal notice of potential liability." [Citations.]' [Citation.] Thus, courts have subjected section 580 to a 'strict construction.' [Citation.] Strictly construed, serving a statement of damages cannot satisfy section 580 in an action not involving personal injury or wrongful death." (*Electronic Funds, supra,* 134 Cal.App.4th at p. 1176; see also *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 206, fn. 4 [statements of damages used only in personal injury and wrongful death cases where plaintiff may not state damages sought in the complaint; in all other cases on default judgment plaintiff is limited to damages specified in the complaint]; see also Weil &

14

Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) § 5:241.5.)

In its supplemental briefing, Schneider asserts "[t]here is a good reason why damages were not set forth in [its complaint]" namely that unless Ellis participated in discovery it would not be able to "assess how many libelous [I]nternet postings" he made and thus Schneider would not have an "adequate accounting of [its] damages . . . ." In its original respondent's brief, Schneider cited *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 543-544 (*Finney*), for the proposition that in *any* action in which a plaintiff has not yet ascertained its damages, it may satisfy section 580's notice requirements via a statement of damages. That reliance is utterly misplaced. *Finney* expressly applies *only* with regard to a partition and accounting action, which this action clearly is not. (*Finney, supra,* 111 Cal.App.4th at pp. 543-544.) Schneider has offered no cogent reason for ignoring the strict due process requirements of section 580 that the amount of compensatory damages cannot exceed the amount specified in the complaint.

In short, because this was not a personal injury or wrongful death action, Schneider could not avoid section 580 by serving a statement of damages in lieu of pleading in its complaint the amount of compensatory damages it sought. The complaint did not specify any amount of damages sought, accordingly, the award of compensatory damages is void as in excess of the trial court's jurisdiction. Furthermore, although notifying Ellis via a statement of damages of the amount of punitive damages Schneider sought was correct (§ 425.10, subd. (b)), the punitive damages award falls with the compensatory damages. (*Kizer v. County of San Mateo* (1991) 53 Cal.3d 139, 147 [actual damages absolute predicate for award of punitive damages]; see also *Fullington v. Equilon Enterprises, LLC* (2012) 210 Cal.App.4th 667, 674; *Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 758; *Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 530.)

15

*c. The Statement of Damages was not Timely Served*

As an alternate basis for finding the judgment awarding compensatory and punitive damages to Schneider violated Schneider's due process rights, we conclude the statement of damages was not timely served.

Where, as here, a defendant's default results from a discovery terminating sanction striking a defendant's answer, it is the striking of the answer that is the defaulting event because "[t]he striking of a defendant's answer as a terminating sanction leads inexorably to the entry of default." (*Matera, supra,* 145 Cal.App.4th at p. 62.) *Matera* is directly on point. In *Matera*, the court held personal service of a statement of damages on defendants' attorney two days before the court struck defendants' answer and entered default pursuant to a motion for terminating sanctions was "not a reasonable period of time to apprise the defendants of their substantial potential liability for purposes of due process." (*Ibid.*, fn. omitted.) Conversely, in *Electronic Funds, supra,* 134 Cal.App.4th at page 1178, this court held service of a "notice of *punitive* damages concurrently with [service of the] motion for terminating sanctions" was timely. (Italics added.)

Directing the parties to *Matera, supra,* 145 Cal.App.4th 44, our request for supplemental letter briefs asked the parties to address the following question, "Was the statement of damages insufficient to satisfy . . . section 580's notice requirements, rendering void the judgment awarding compensatory and punitive damages on [Schneider's] libel cause of action, because it was not served a reasonable time before Ellis's answer was stricken as a terminating sanction?" Ellis's supplemental brief argues *Matera* compels the conclusion the judgment is void.

Schneider argues *Matera* is distinguishable because the defendants in *Matera* were represented by counsel, whereas Ellis defended himself in propria persona. Schneider argues that because he represented himself, Ellis knew of the dates on which discovery was due and he directly engaged in the deliberate "gamesmanship" that

16

resulted in his answer being struck. This does not address the due process concerns surrounding the lack of timely notice concerning the substantial damages Ellis's deliberate "gamesmanship" could result in. Again, as observed in *Greenup*, *supra*, 42 Cal.3d at page 829, even "obstreperous" defendants "guilty of reprehensible conduct" are entitled to the due process protection of formal notice of their liability exposure in the event of a default. And given the familiar refrain that self-represented litigants are not to be treated more favorably (see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation"]; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 ["Pro. per. litigants are held to the same standards as attorneys"]), we cannot accept Schneider's suggestion a self-represented litigant is to be treated more harshly and accorded fewer due process rights. (See *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 [pro. per. litigants entitled to treatment equal to that of represented party].)

In this case, the due process violation is clear. Schneider did not serve a statement of damages at any time before the trial court ruled on the motion for a terminating sanction on July 13, 2010. At the July 13 hearing, the trial court specifically ordered Ellis's answer stricken and ordered "a default judgment is hereby entered against . . . [Ellis]." It was not until over three months *after* it obtained the terminating sanction that placed Ellis in default, that Schneider for the first time notified Ellis it was seeking a $690,000 in combined compensatory and punitive damages against him.

To the extent Schneider argues its service of a statement of damages a couple days before the clerk's entry of default on October 26, 2010, was sufficient, we are unpersuaded. Although there was a subsequent formal entry of default by the court clerk, as in *Matera*, it was the July 13, 2010, order striking Ellis's answer and ordering he be placed in default that was the critical date for the notice issue. Although certain steps needed to be taken after that order to make the entry of default effective, the order

17

striking Ellis's answer as a terminating sanction and ordering the entry of default judgment against him led inexorably to the formal entry of default, and thus required prior notice of the claimed damages. (See § 585, subds. (a), (b); *Matera*, *supra*, 145 Cal.App.4th at p. 62.) Once Ellis was placed in default, he had no right to do anything more. "The entry of a default terminates a defendant's rights to take any further affirmative steps in the litigation until either its default is set aside or a default judgment is entered." (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385.) A defaulted defendant has no standing to participate in the prove-up hearing, or to complain of the evidence introduced therein, other than to complain the damages awarded are excessive. (*Ibid*.; see also *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303; *Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1745.)

Moreover, even if viewed in relation to the October 26 formal entry of default, due process was not satisfied. The statement of damages was served by being placed in the mail to Ellis on October 22, 2010, just four calendar days before the clerk formally entered default on October 26, 2010. In view of the July 13, 2010, order striking Ellis's answer, rendering him a nonappearing party, any formal notice of the sizeable amount of compensatory and punitive damages Schneider claimed came far too late to give Ellis a last chance to change course and convince the court in opposition to the motion for terminating sanctions (which had already been granted) that he would take part in the litigation process. (See *Matera*, *supra,* 145 Cal.App.4th at pp. 60, 62 [statement of damages served two days before entry of default does not satisfy due process].) In conclusion, the punitive and compensatory damage award in the Schneider judgment is void for lack of constitutionally reasonable notice of the amount demanded given before Ellis's answer was stricken as a terminating sanction.[2]

---

[2]     In reaching these conclusions, we reiterate the cautionary advice given in *Van Sickle*, *supra,* 196 Cal.App.4th at pages 1530-1531, that a party seeking a terminating sanction should ensure a statement of damages has been filed to provide

*2. The Trial Court Did Not Otherwise Abuse its Discretion by Denying Ellis's Motion for Relief under Section 473, subdivision (b)*

Although we conclude the punitive and compensatory damage award in the Schneider judgment is void for lack of constitutionally reasonable notice of the amount demanded given before Ellis's answer was stricken as a terminating sanction, the same cannot be said about the injunctive relief granted to Schneider, or the relief granted by the Ames judgment. There are no similar due process concerns regarding the Ames judgment or the injunctive relief parts of the Schneider judgment (or the parts of the Schneider judgment pertaining to previously awarded sanctions and costs). The complaint specifically alleged Ames sought the Penal Code section 637.2, subdivision (a)(1), civil penalty of $5,000 for each of the two unlawfully recorded telephone conversations. The complaint carefully alleged the specific defamatory Internet postings and articles, and carefully alleged the nature of the injunctive relief Schneider and Ames sought. On appeal, Ellis makes no due process arguments directed at these parts of the judgments. Thus, they are affected only if we conclude the trial court otherwise abused its discretion by denying Ellis's motion to vacate his default. It did not.

Ellis sought relief from the default judgments under section 473, subdivision (b), on the grounds they were the result of his excusable neglect or surprise, and on the grounds they were the result of fraud. "A default and default judgment may be set aside pursuant to the provisions of . . . section 473, subdivision (b), but the motion must be made within six months after entry of the default. After the time for requesting statutory relief under section 473 has passed, the court may set aside the default and judgment on equitable grounds. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975,

---

sufficient notice to the defendant before the court rules on the motion. "If every plaintiff seeking to strike the defendant's answer as a terminating sanction were to take this step, then precious time and resources . . . would not be wasted by the parties and the courts, as in this case, in litigating and adjudicating a default judgment that simply cannot stand." (*Ibid.*)

19

981 . . . fn. omitted.)" (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42 (*Manson*).) The court's ruling on a motion for relief from a default is reviewed for abuse of discretion. (*In re Estate of Carter* (2003) 111 Cal.App.4th 1139, 1154.)

To the extent Ellis sought relief under section 473, subdivision (b), the motion was untimely, and the trial court correctly determined it lacked jurisdiction because the motion was filed more than six months after Ellis's default. (*Manson, supra,* 176 Cal.App.4th at p. 42 [six-month time limit jurisdictional and "runs from entry of default, not entry of judgment"].) Here, Ellis's answer was stricken July 13, 2010, and the court clerk formally entered his default October 26, 2010. His motion to set aside the default was not filed until December 12, 2011. Under either default date, Ellis's motion was untimely.

Ellis contends a one-sentence document he filed on August 1, 2011, four days before the default judgments were entered, stating he "intends to move for an order vacating" the judgments satisfied the six-month limitation on filing a section 473 motion. It did not. The notice to which Ellis refers was filed over a year after his answer was stricken and over nine months after his formal default was entered. Furthermore, the case Ellis cites, *In re Marriage of Eben-King* (2000) 80 Cal.App.4th 92 (*King*), does not aid him. That case concerned the effect of the *timely* filing of a section 473 motion to vacate a default on the jurisdictional time limit for filing a notice of appeal. (*King, supra,* 80 Cal.App.4th at pp. 108-109.) In short, Ellis has not shown the trial court erred by denying his motion for relief from his default under section 473, subdivision (b), because it was untimely.

To the extent Ellis sought equitable relief from the default judgments based on fraud, he has made no cogent argument and has cited no legal authority on appeal that would allow us to reverse the judgments on that ground. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [when appellant raises issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived"]; see also

*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [same].)  Accordingly, we decline to consider that ground further.

*3.  Remedy on Appeal*

Because Ellis was not given constitutionally sufficient notice of the compensatory and punitive damages Schneider claimed on its libel cause of action, the Schneider judgment's award of those damages is void as being in excess of the trial court's jurisdiction.  Although Schneider's respondent's brief addressed Ellis's due process argument, it suggested no remedy in the event we agreed with Ellis (as we do), that he was not given adequate notice of the damages sought.  The Schneider judgment also awarded injunctive relief, and there is no argument by Ellis that he was not put on notice such relief was being sought or that such relief was beyond the trial court's jurisdiction.  Nor has Ellis offered any basis for disturbing the Ames judgment.

In our request for supplemental briefing we asked the parties to address the following question:  "If the judgment awarding Schneider compensatory and punitive damages on its libel cause of action is void, what is the appropriate remedy on appeal and on remand?"  Schneider's cryptic response was the appropriate remedy is to affirm the judgments in their entirety because of Ellis's "deliberately insubordinate conduct in this case."  Ellis's equally obtuse response is that the appropriate remedy is to direct the trial court to dismiss the entire action with prejudice.

In this case, Ellis's appeal is only from the order denying his motion to vacate the default judgments.  This court has already dismissed his appeal as it relates to the order striking his answer to the complaint, the entry of default, and the default judgments.  But for the reasons already stated, the Schneider judgment is void on its face as in excess of the trial court's jurisdiction to the extent it awarded $130,000 in compensatory damages and $560,000 in punitive damages on Schneider's libel cause of action.  Generally, when a judgment only partially exceeds the trial court's jurisdiction, it can be modified to save the portion that is not void.  (*Becker v. S.P.V. Construction Co.*

21

(1980) 27 Cal.3d 489, 495; see also *In re Marriage of Andresen* (1994) 28 Cal.App.4th 873, 886 [void portion of default judgment awarding relief greater than amount in complaint subject to set aside at any time]; *Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1743 ["Ordinarily, when a judgment is vacated on the ground the damages awarded exceeded those pled, the appropriate action is to modify the judgment to the maximum amount warranted by the complaint"].) We conclude the Schneider judgment should be modified by striking the compensatory and punitive damages award. Accordingly, in our disposition we will reverse the order denying Ellis's motion to vacate the default judgments as to the Schneider judgment only and remand the matter to the trial court with directions to modify the Schneider judgment by striking the award of compensatory and punitive damages.[3]

## DISPOSITION

Appellant's October 12, 2012, request for judicial notice is denied. Respondents' January 25, 2013, request for judicial notice is denied.

The order denying Appellant's motion to vacate the default judgments against him is reversed as to the Schneider judgment only. As to the Ames judgment, the order is affirmed. On remand, the trial court is directed to modify the Schneider judgment by striking the award of compensatory and punitive damages on the libel cause

---

[3]     Because we conclude the award of punitive damages must be stricken, we need not consider whether the complete lack of any evidence of Ellis's financial condition at the time of the default prove-up hearing requires reversal as well. (*Adams v. Murakami* (1991) 54 Cal.3d 105, 109 ["an award of punitive damages cannot be sustained on appeal unless the trial record contains meaningful evidence of the defendant's financial condition" at the time of trial].)

22

of action; all other parts of the Schneider judgment shall remain undisturbed.  In the interests of justice, the parties shall bear their own costs on appeal.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.