Filed 8/12/15  Tiara de La Pacifica Homeowners Assn. v. Heilan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIARA DE LA PACIFICA HOMEOWNERS ASSOCIATION<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDITH HEILAN,<br><br>    Defendant and Appellant. | G050413<br><br>(Super. Ct. No. 30-2012-00593993)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Reversed and remanded with directions.

Law Offices of Alexandria C. Phillips and Alexandria C. Phillips for Defendant and Appellant.

The Perry Law Firm, Michelle A. Hoskinson, Noelle J. Hirneise, and Nadine S. Soliman for Plaintiff and Respondent.

\*          \*          \*

Defendant Edith Heilan appeals from a default judgment against her in plaintiff Tiara de la Pacifica Homeowners Association's action to foreclose a real property assessment lien and for damages for defendant's breach of her covenant to pay assessments levied by plaintiff. Defendant contends the court acted beyond its jurisdiction by entering a default judgment against her "that was [five] times the amount requested in the Complaint" and therefore the default judgment is void under Code of Civil Procedure section 580.[1] She further contends the court abused its discretion by failing to set aside the "underlying default" pursuant to a stipulation between the parties. We agree with defendant's first contention, but not the second. Accordingly we reverse the judgment. Upon remand, plaintiff is given the option of amending the complaint to allege the greater amount claimed (which would open the default) or to reapply for a default judgment limited to the amount requested in the complaint.

FACTS

We begin our factual recitation by stating two rules which every appellant must follow. First, an appellant must include all "significant facts" in his or her brief. (Cal. Rules of Court, rule 8.204(a)(2)(C).) Failure to state all of the evidence fairly in the brief waives the alleged error. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) Second, an appellant's contentions must be supported by reasoned argument. (Cal. Rules of Court, rule 8.204(a)(1)(B).) An unsupported contention is deemed abandoned. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 845.)

Defendant's appellate brief omits critical facts and, although she recounts much legal authority, she does so without analyzing how her authority relates to the

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

2

significant facts in this case. We could simply affirm the judgment on the ground that defendant's claims of error have been waived or abandoned on appeal. But even the most cursory review of the evidence submitted to the trial court in support of plaintiff's application for a default judgment establishes that the judgment far exceeds any amount demanded in the complaint. Accordingly, because the judgment is clearly void, we instead choose to ignore the defects in defendant's briefing. Having detected the error, we will not affirm a void judgment.

Plaintiff's August 27, 2012 complaint alleged that defendant failed to pay real property assessments levied pursuant to the terms of a declaration of covenants, conditions and restrictions (CC&R's) recorded against defendant's real property. The complaint prayed for foreclosure of the assessment lien and "damages in the principal sum of $11,180.86, with interest thereon at the rate of 10 percent per annum from [June 1, 2010], plus reasonable attorney's fees and costs according to proof, and that this amount be supplemented and increased at the rate of $264.00 Monthly from [August 1, 2012], to the date of judgment, and at the rate of [$10] per month in late charges or such other sum as may be rightfully assessed by plaintiff prior to entry of judgment herein, for a total amount according to proof."[2]

Defendant's default was entered on October 19, 2012. A default judgment was entered on October 25, 2013. On November 27, 2013, defendant filed a motion under section 473, subdivision (b) requesting that the default judgment (not the underlying default) be set aside. On January 29, 2014, the parties filed a stipulation and proposed order to set aside both the default entered by the court clerk "on or about October 19, 2012 against Defendant" and the "default judgment entered by the Court against Defendant on or about October 25, 2013." The stipulation further stated that the

---

[2]     At the time the complaint was filed, the amount of the demand was under $25,000. On October 3, 2013, the court granted plaintiff's motion to reclassify the action from limited civil to unlimited civil jurisdiction.

court clerk "should please conform as 'Filed' Defendant's Answer to Complaint, an original, efiled, or fax copy of which Defendant shall submit within ten days of the service of this fully executed Stipulation on Defendant."

On February 7, 2014, the court vacated the October 25, 2013 default judgment against defendant pursuant to the January 29, 2014 stipulation, but declined to set aside the underlying October 19, 2012 default on the ground it lacked jurisdiction to do so because the six-month time limitation under section 473, subdivision (b) had long since expired. As a result, that portion of the stipulation permitting defendant to file an answer within 10 days became inoperative — the answer could not be filed because the default remained.

On June 13, 2014, plaintiff requested a new (redundant) entry of default, and requested a new default judgment against defendant in the amount of $61,174.47. The court clerk entered the redundant default as requested on June 13, 2014.

The requested default judgment of $61,174.47 included: "Principal as demanded in the Complaint" of $11,180.86; "Principal accrued from the date of the complaint" of $40,960.57, and the proposed judgment clarified that the total "principal" demanded included accrued interest; "Court costs" of $812.50; and "Attorneys' Fees" of $8,220.54.

The evidence submitted in support of the requested judgment included a declaration from Mayra Campos, self described as "an authorized representative" for plaintiff, which attached a "true and correct copy of Plaintiff's account ledger evidencing the indebtedness of Defendant for delinquent assessments." That account ledger showed that the "principal accrued from the date of the complaint" (August 27, 2012) included: (1) Monthly assessments of $399 from September 1, 2012 through May 1, 2013; (2) Monthly assessments of $409 from June 1, 2013 through May 1, 2014; (3) A monthly assessment of $429 on June 1, 2014; (4) Monthly special assessments of $260.66 from September 1, 2012 through December 1, 2012; (5) A one time "accelerated" special

4

assessment of $23,639.67 on December 17, 2012; (6) A monthly $10 "late charge" from August 31, 2012 through May 31, 2014; (7) A monthly $10 "late statement fee" from August 31, 2012 through May 31, 2014; and (8) Interest *compounded monthly* at the rate of 10 percent per annum.

In addition, plaintiff's application for default judgment included a request for attorney fees in the amount of $8,220.54, and court costs in the amount of $812.50.

On June 23, 2014, the court entered a default judgment of foreclosure of real property assessment lien and/or money damages against defendant in the amount requested of $61,174.47. On June 27, 2014, plaintiff mailed notice of entry of judgment to defendant. On July 10, 2014, defendant filed a notice of appeal, appealing from the June 23, 2014 default judgment against her.[3]

DISCUSSION

*The Default Judgment is Void Under Section 580*

On appeal defendant contends the default judgment is void under section 580 because plaintiff's complaint sought $11,180.86 in damages. Defendant does not mention that the complaint additionally prayed for an increase of $264 (plus a $10 late fee) for every month from August 1, 2012 to the date of the judgment, with interest at the rate of 10 percent per annum, and reasonable attorney fees and costs. But the rule cited by defendant is sound. "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115."[4] (§ 580, subd. (a).) "The purpose of

---

[3]      Although defendant's notice of appeal fails to specify the date of the default judgment from which she appeals, she clarifies in the Statement of Appealability in her opening brief that she appeals from the default judgment entered on June 23, 2014.

[4]      Section 425.11 governs statements of damages in personal injury or

5

section 580 is to require the plaintiff to provide notice of the *maximum* amount of the defendant's potential liability." (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1174.) "[A] prayer for damages according to proof passes muster under section 580 only if a *specific amount of damages* is alleged in the body of the complaint." (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494, italics added.) "[S]ection 580 is to be interpreted, in accordance with its plain language, to deprive a trial court of jurisdiction to enter a judgment against a defaulting defendant which awards greater relief than that sought in the plaintiff's complaint." (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1167.) Accordingly, "[a] default judgment is . . . void when the damages awarded are in excess of what is specified in the complaint." (*Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 864.) "Questions of jurisdiction are never waived and may be raised for the first time on appeal." (*Petty v. Manpower, Inc.* (1979) 94 Cal.App.3d 794, 798-799.)

Applying these principles to the evidence offered in support of the default judgment, it is apparent the judgment far exceeds the amount specified in the complaint in several respects. Putting the late charges and interest charges aside for the moment, the prayer of the complaint requested the principal amount of $11,180.86 plus "$264.00 per month from 8/01/2012, to the date of judgment." Since the complaint was filed on August 12, 2012, we interpret that prayer to include the assessments made on August 1, 2012 as part of the principal amount of $11,180.86. Thus, beginning with the monthly assessment on September 1, 2012 through the monthly assessment made on June 1, 2014 (the last monthly assessment before the date of judgment), the maximum amount to which plaintiff was entitled as part of this portion of the prayer is $5,808 (22 months x $264 per month). But on this portion of the prayer the court awarded a whopping

wrongful death cases, and section 425.115 governs statements notifying defendant of the amount of punitive damages sought. Neither section applies to this breach of contract case.

6

$33,610.31, consisting of nine monthly charges of $399, 12 monthly charges of $409, a one month charge of $429, four monthly charges of $260.66, and one charge of $23,639.67, exceeding this portion of the prayer by more than six times.

Similarly, the prayer of the complaint limited late charges to $10 per month. The judgment awarded late charges of $10 per month *plus* something characterized as a "late statement fee" of $10 per month for 22 months, or an extra $220.

Finally, the prayer requested interest "at the rate of 10% per annum." The proof submitted to the court added 10 percent interest *compounded monthly*. It has long been the rule, however, that "in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest *unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith*." (9C West's Ann. Civ. Code (2010 ed.) foll. § 1916.12, designated as § 1916-2, p. 212.) Here, the complaint did not pray for compound interest, nor did it pray for interest on assessments levied after the date of the complaint. It only prayed for interest at the rate of 10 percent per annum on the principal sum of $11,180.86. Moreover, there was no proof of an agreement permitting the charging of compound interest. The CC&R's offered in evidence provided: "Any Assessment provided for in this Declaration which is not paid when due shall be delinquent. If any such Assessment is not paid within thirty (30) days after the delinquency date, a late charge of Ten Dollars ($10.00) shall be levied and the *Assessment shall bear interest from the date of delinquency at the rate of ten percent (10%) per annum*." (Italics added.) This provision calls for the accrual of simple interest on each unpaid assessment, not a monthly compounding of interest as included in the judgment.

"It is imperative in a default case that the trial court take the time to analyze the complaint at issue and ensure that the judgment sought is not in excess of or inconsistent with it. It is not in plaintiffs' interest to be conservative in their demands,

7

and without any opposing party to point out the excesses, it is the duty of the court to act as gatekeeper, ensuring that only the appropriate claims get through." (*Heidary v. Yadollahi*, *supra*, 99 Cal.App.4th at p. 868.) That did not happen here. As a result, the default judgment is void pursuant to section 580.

*The Court Correctly Refused to Set Aside the Default*

Defendant contends the court abused its discretion by "failing to exercise its equitable powers to set aside the underlying default . . . pursuant to [the parties'] stipulation to set aside Default and Default Judgment."[5] We disagree. First, defendant's initial November 27, 2013 motion sought to set aside the then extant default judgment under section 473, subdivision (b). Defendant did not request the court to set aside the October 19, 2012 default, although she did submit a proposed answer to the complaint, which, of course, could not have been filed unless the default was also set aside. At the last minute, defendant obtained a stipulation from plaintiff to set aside *both* the default and the default judgment, but the court declined to set aside the default, citing its lack of jurisdiction to do so. At no time did defendant argue in the trial court that the stipulation could somehow invoke the equitable powers of the court to set aside the underlying default entered on October 19, 2012. For that reason alone, defendant has forfeited her right to raise that issue on appeal. "'[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.' Thus, 'we ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.'" (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11, fn. omitted.)

---

[5] The order declining to set aside the underlying default may be reviewed as an intermediate ruling upon review of the appealable final judgment. (§ 906.)

Despite the forfeiture of this issue, defendant nevertheless argues on appeal that the court has the equitable power to set aside a default, even where it is out of time to do so under section 473. (See, e.g., *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 ["trial court may . . . vacate a default on equitable grounds even if statutory relief is unavailable"].) But, on the merits, defendant fails to mention that the cases in which equitable relief has been granted have involved extrinsic fraud, extrinsic mistake, and, perhaps, duress. (See 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 215 et seq., p. 823.) Defendant does not cite any authority, and we have found none, that would allow a court to set aside a default by the consent of the parties after the statutory time has expired. Accordingly, although we reverse the default judgment entered on June 13, 2014, we affirm the court's order declining to set aside the October 19, 2012 default.

*Remedies on Remand*

Although we reverse the default judgment for its violation of section 580, it also appears that plaintiff presented evidence which, if true and not subject to offset or mitigation, would entitle it to greater relief than that pleaded under its operative complaint. "In the interest of fairness, plaintiff[] should have the option of either proceeding with the new default prove-up with the [existing] damage limitation, or amending the complaint to state the full amount of damages [it] seek[s]. [Citation.] If plaintiff[] select[s] the latter option, the default will be vacated, entitling defendant to either attack the pleadings, or answer the amended complaint." (*Electronic Funds Solutions, LLC v. Murphy*, *supra*, 134 Cal.App.4th at p. 1177.) For the guidance of the court and parties on remand, we note that unless a different agreement between the parties (other than the CC&R's) is presented, compound interest is not permitted. We also note that reasonable attorney fees incurred in prosecuting this action are not subject

9

to the section 580 limitation.  (See *Simke, Chodos*, *Silberfeld  Anteau, Inc. v. Athans* (2011) 195 Cal.App.4th 1275, 1278.)

DISPOSITION

The judgment is reversed, and the cause remanded with directions to vacate the award of compensatory damages and the judgment of foreclosure based thereon.  The trial court shall conduct a new damages prove-up hearing to determine the amount of plaintiff's damages limited to the amounts prayed in the operative complaint and consistent with this opinion.  Alternatively, plaintiff may elect to amend its complaint to increase the amount of damages being sought, at which point defendant's default will be opened.  Defendant is awarded her costs incurred on this appeal.

IKOLA, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

ARONSON, J.

10